NOTICE
Decision filed 01/10/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230911

NO. 5-23-0911

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-CF-1167 |
| | ) | |
| ELIJAH M. DUCKWORTH, | ) | Honorable |
| | ) | Brett N. Olmstead, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court, with opinion.
Justices Barberis and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Elijah M. Duckworth, appeals the trial court's order denying him pretrial release pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). The Office of the State Appellate Defendant (OSAD) was appointed to represent the defendant on appeal. On December

---

[1]The press and politicians have also sometimes referred to the Act as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

6, 2023, OSAD filed a notice indicating that the defendant would not be filing an Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023) memorandum.[2]

¶ 2    On December 7, 2023, the State moved for dismissal of the defendant's appeal. In support, the State argued that the defendant's notice of appeal merely checked boxes setting forth issues in his notice of appeal and failed to provide any grounds for the relief. In further support, the State cited *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13, addressing deficiencies found in that notice of appeal.

¶ 3    On December 11, 2023, OSAD filed a response arguing that the State's motion was an "attempt to execute a bait-and-switch on the criminal trial attorneys of Illinois" because the form used was "approved by the Illinois Supreme Court." OSAD argues that checking boxes is "entirely sufficient to satisfy the function of a notice of appeal"—namely, to "evince the appellant's desire to appeal and convey jurisdiction." OSAD further argues that the notice alone confers jurisdiction and *Inman* did not dismiss the appeal. Finally, OSAD contends that *Inman*'s "invocation of the appellate court's 'entitle[ment] to have the issues on appeal clearly defined' ignores the fact" that such interlocutory appeals have a limited context and "appellant's arguments as to why they should not be detained can be ascertained in mere minutes by reading the transcript," which this court must do anyway.

¶ 4    Given the arguments, we first consider the defendant's October 11, 2023, notice of appeal. The notice's requested relief was listed as reversal of the trial court's order denying the defendant's

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before January 8, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

pretrial release. The notice of appeal checked boxes listing the following issues on appeal: (1) the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or the presumption great that the defendant committed the offense(s) charged; (2) the State failed to meet its burden of proving by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (3) the State failed to meets its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight; and (4) the court erred in its determination that no conditions or combination of conditions would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. Although the notice of appeal form provided additional spaces for elaboration of each issue, the defendant did not elaborate and left the spaces blank.

¶ 5    We agree with OSAD's argument that the defendant's notice of appeal is sufficient to invoke this court's jurisdiction. As noted by Rule 606(a), "No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." Ill. S. Ct. R. 606(a) (eff. Sept. 18, 2023). Here, the defendant's notice of appeal was timely filed and contained the issues he wished to raise on appeal. That is all that is required to provide this court with jurisdiction. See *People v. Presley*, 2023 IL App (5th) 230970, ¶¶ 24-26. Accordingly, we find we have jurisdiction over this appeal. However, OSAD's contention that the defendant is not required to provide any argument supporting his issues on appeal is not well taken.

3

¶ 6    "Rule 604(h) requires the notice of appeal to include a description of the relief to be requested '*and the grounds for the relief requested.*' " (Emphasis in original.) *Inman*, 2023 IL App (4th) 230864, ¶ 12 (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). Thus, "some form of argument is required, along with justification for claiming entitlement for relief—like references to the record, the evidence presented, or, if possible, legal authority." *Id.* The reviewing court "cannot be expected to formulate an argument for defendant out of whole cloth." *Id.* ¶ 13. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Id.*; see *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56.

¶ 7    While it is undisputed this court is obligated to review the record presented on appeal, it is neither this court's burden nor obligation to provide arguments in support of issues raised by an appellant. *Inman*, 2023 IL App (4th) 230864, ¶ 13. To presume, as contended by OSAD, that this court would present arguments on behalf of the appellant and then issue a ruling on those same arguments is both incredulous and contrary to well-established Illinois Supreme Court rules governing appeals. *Id.* ("Even without the application of Rule 341, we doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf—something heretofore expressly forbidden.").

¶ 8    Here, the defendant failed to comply with the requirement of Rule 604(h). The defendant couched his claims in the conclusory language of article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)) and referred to no evidence in the record upon which to evaluate his claims. He furthermore fails to provide any legal argument or authority in support of his claims. Moreover, OSAD, defendant's counsel on appeal, declined its opportunity to provide the missing argument, citation of the record, or authority that would support any argument that

4

could have been made for the issues raised on appeal. Therefore, we find this court has nothing on which to base an analysis of the defendant's allegations on appeal, and the defendant forfeited the issues raised on appeal. For the foregoing reasons, we grant the State's motion and dismiss this appeal.

¶ 9    Appeal dismissed.

*People v. Duckworth*, 2024 IL App (5th) 230911

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Champaign County, No. 23-CF-1167; the Hon. Brett N. Olmstead, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, Benjamin Wimmer, and Giselle Jerezano, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |