2024 IL App (2d) 230595-U
No. 2-23-0595
Order filed March 14, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2214 |
| DAVID J. PONCE, | ) ) ) | Honorable William G. Engerman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Justice Jorgensen concurred in the judgment.
Presiding Justice McLaren specially concurred.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering him detained.

¶ 2    Defendant, David J. Ponce, appeals the December 15, 2023, order of the circuit court of Kane County granting the State's petition to deny pretrial release and ordering him detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1,

2023) (we will refer to these public acts collectively as the "Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that (1) the proof is evident or the presumption great that he committed the offenses charged, and (2) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons based on the specific articulable facts of the case. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On October 17, 2023, defendant was charged by complaint in the circuit court of Kane County with: (1) one count of attempted murder (intend death or great bodily harm) (720 ILCS 5/8-4(a)/ 720 ILCS 5/9-1(a)(1) (West 2022)), a Class M felony; (2) one count of aggravated discharge of a firearm (at a person or vehicle) (720 ILCS 5/24-1.2(a)(2) (West 2022)), a Class X felony; (3) two counts of felon possessing or using a firearm (prior conviction) (720 ILCS 5/24-1.1(a) (West 2022)), a Class 2 felony; (4) one count of possession of firearm by street gang member (720 ILCS 5/24-1.8(a)(1) (West 2022)), a Class 2 felony; (5) one count of aggravated unlawful use of a weapon in public (previous felony conviction) (720 ILCS 5/24-1.6(a)(2) (West 2022)), a Class 2 felony; (6) one count of aggravated unlawful use of a weapon on-person/in-vehicle (previous felony conviction) (720 ILCS 5/24-1.6(a)(1) (West 2022)), a Class 2 felony; and (7) one count of possession of firearm while FOID card is invalid or not eligible (430 ILCS 65/2(a)(1) (West 2022)), a Class 3 felony. Although the Report of Proceedings contains a colloquy between

_____

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act. However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

the court and the State indicating that defendant had been indicted by the date of the detention hearing, the indictment has not been made part of the record on appeal.

¶ 5    On December 15, 2023, the State filed a "Verified Petition to Deny Defendant Pretrial Release" (Petition). The State urged the trial court to deny defendant pretrial release pursuant to section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)) because defendant was charged with (1) a forcible felony offense as listed in the Code or any other felony which involve the threat of or infliction of great bodily harm or permanent disability or disfigurement (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), (2) aggravated discharge of a firearm (725 ILCS 5/110-6.1(a)(6) (West 2022)), (3) nonprobationable violations (725 ILCS 5/110-6.1(a)(6) (West 2022)), and (4) defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community. As additional grounds, the State contended that defendant should have a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West 2022)). The State further alleged that defendant has a long criminal history, was on mandatory supervised release for a Class X controlled substance charge at the time of the instant offense, and is a documented gang member.

¶ 6    The State attached to its Petition a sworn synopsis (Synopsis) drafted by the arresting agency. The Synopsis provides in relevant part as follows. On October 13, 2023, Aurora police officers were dispatched in reference to shots fired. While speaking with witnesses, officers were directed to a Volkswagen vehicle that was identified as the vehicle the offender fled in. The driver was identified as Angelica Zepeda, girlfriend of defendant. Zepeda stated she and defendant were in an argument and that defendant was intoxicated when he started a verbal altercation with a passing vehicle. Zepeda heard several gunshots. She asked defendant what happened. He

responded to her using obscenities. He then got in her car, and she drove to an intersection, where defendant exited the vehicle and fled on foot.

¶ 7 Witness Rebecca Coyomani-Lopez told officers she observed defendant, identified through social media pages, approach a vehicle while words were exchanged, then saw defendant discharge approximately three rounds towards the vehicle. Officers located the victim's vehicle and the passengers within and observed a bullet hole in the front passenger window and driver's side windshield. Overall, officers located five 9mm spent casings.

¶ 8 The front seat passengers of the victim's vehicle, Santiago Lopez and Georgina Gonzalez, recognized defendant as their neighbor when they got into their vehicle. They stated that defendant yelled at them for looking at him, and Gonzalez slowed the vehicle. Lopez stated that he saw a green beam of light and believed it to be a handgun; then several shots were fired. Gonzelez and Lopez fled the area. A nearby residence was also discovered to have been struck by gunfire and the projectile was recovered from the residence, which was occupied. Gonazlez later positively identified defendant as the subject who shot at her and Lopez. Video surveillance was also recovered of this event and depicts a male beginning a verbal argument with a passing vehicle and is then seen discharging several rounds from a firearm towards the vehicle while standing on the sidewalk. The synopsis also related defendant's criminal history and his current status on "parole" from IDOC until February 2, 2025.

¶ 9 On December 15, 2023, the trial court held a detention hearing. The State proffered its synopsis, adding that defendant had been avoiding apprehension since the date of the offense. In response, defense counsel asked the court to deny the State's Petition. Defense counsel asserted that defendant's criminal history was not demonstrative of a history of violent, abusive, or assaultive behavior, as his criminal history consisted of non-violent offenses, such as "drugs, DUI,

and criminal damage to property." Further, defense counsel asserted that because defendant's indictment had been sealed prior to his arraignment, defendant had limited knowledge as to his charges and he had not fled the state or the country. Defense counsel argued that, in any event, there are conditions that can mitigate any threat, including "house arrest, maximum conditions of pretrial reporting, no contact with the complaining witnesses, [and] possibly a curfew."

¶ 10    Following the parties' arguments, the trial court granted the State's Petition and ordered defendant detained pending trial. The court stated that it had considered all the factors in the statute, the exhibits proffered by the State, and the evidence submitted by the State and defendant. Based on the foregoing, the court found that the proof is evident or the presumption great that defendant committed a detainable offense pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) and that defendant poses a real and present threat to the community. In its oral ruling, the court carefully detailed the nature and circumstances of the offense and noted that defendant fired a weapon on two people unprovoked, "for apparently no reason." The court thoroughly explained its analysis of the dangerousness factors in the Act. Additionally, the court observed that defendant was "on parole or mandatory release at the time he allegedly committed these acts." The court specifically stated he did not find the defendant to be a flight risk, however.

¶ 11    The trial court entered a detention order on the same day as the hearing. The court's written order elaborated in granular detail that its finding that defendant committed a detainable offense was based on witness identification and area video surveillance. Its finding that defendant poses a real and present threat to the safety of a specific, identifiable person or persons was based upon the fact that "defendant is currently on parole [and] cannot possess a firearm," as well as the fact that there "was no apparent motive for this shooting." Its finding that less restrictive conditions would not assure safety to the community was based on defendant being a convicted felon on

mandatory supervised release at the time of the shooting and that the "court finds the defendant is not likely to observe any less restrictive conditions."

¶ 12    On December 19, 2023, defendant filed a form notice of appeal. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023) (providing that the appellant "may file, but is not required to file, a memorandum"). Thus, on appeal, we are limited to the arguments made in defendant's notice of appeal. The State filed a response in opposition to the appeal.

¶ 13                                    II. ANALYSIS

¶ 14    Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed the offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West

2022)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 15    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat, and whether any conditions would mitigate that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 16    On appeal, defendant raises two arguments. First, he claims that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged. Second, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons, based on the specific, articulable facts of the case. Neither argument prevails.

¶ 17    Regarding defendant's first argument, he elaborated in his notice of appeal that the State's submission of a "synopsis alone" is "insufficient" to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the offenses charged. We disagree. Section 110-6.1(f)(2) of the Code (725 ILCS 5/110-6.1(f)(2) (West

2022)) expressly permits the parties to a detention hearing to present evidence by way of proffer based on reliable information. This court has previously held that a police synopsis alone may be sufficient to sustain the State's burden. *People v. Horne*, 2023 IL App (2d) 230382, ¶¶ 23-24. We further note that the notice of appeal simply argues that a synopsis alone is insufficient without providing an explanation. This bare, conclusory argument has been commonly asserted in appeals involving pretrial detention hearings, but, without more, is patently without merit. *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24. In any event, there was more than sufficient evidence to conclude that the trial court's finding was not against the manifest weight of the evidence.

¶ 18    Next, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons, based on the specific, articulable facts of the case. In support of this claim, defendant posits that "house arrest is a condition that could mitigate any real and present threat."

¶ 19    The Code instructs that, in determining whether a specific threat could be mitigated through the imposition of conditions of pretrial release, the trial court is to consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court

proceedings" as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

¶ 20    Here, the trial court found by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons. In its written findings, the court commented that defendant was on mandatory supervised release at the time of the shooting, and that it deemed defendant unlikely to observe any less restrictive conditions. We cannot find that a conclusion opposite that of the trial court is clearly apparent. Given defendant's criminal history, the fact that he was on mandatory supervised release at the time of the current offense, that he could not lawfully possess a firearm at the time of the shooting, and that he is alleged to have fired a gun while he was intoxicated multiple times at human beings for no apparent reason, it is not unreasonable to conclude that defendant is not likely to observe less restrictive conditions. Accordingly, the trial court's finding that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons was not against the manifest weight of the evidence.

¶ 21    In short, considering the record before us, we cannot say that the trial court's factual findings are against the manifest weight of the evidence. Moreover, based on the trial court's factual findings, we conclude that its order granting the Petition to deny defendant pretrial release did not constitute an abuse of discretion.

¶ 22                                IV. CONCLUSION

¶ 23    For the reasons set forth above, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.

¶ 25    PRESIDING JUSTICE McLaren, specially concurring:

¶ 26    Curiously, there is no document in this record that I am aware of (and I searched all of it) that contains any of the following terms: forfeiture, waiver, procedural default, citation to the record, citation to authority, or cohesive argument. I will qualify the above statement by pointing out a "waiver" was executed regarding a search, and "citations" were listed as criminal charges. I searched the notice of appeal and found nothing. Unfortunately, there was no memorandum filed by the defendant, thus there could not possibly be any such terms contained therein. So too, the State's memorandum contained none of the terms listed. Unfortunately, the majority disposition, as well, fails to mention any of the listed terms.

¶ 27    The reason why I searched for those terms is because when the appellate court entertains an appeal there are several elementary rules that have evolved for at least 50 years or so. I submit the 4 most important rules are (1) the preservation and perfecting the claimed errors in the trial court for appellate review; (2) raising those errors in the appellate court; (3) filing a sufficient record for review of all claimed errors; (4) filing a written brief or memorandum in the appellate court that cites to the record, cites to authority, and makes a cohesive argument so that the appellate court may impartially consider the merits of the appeal without advocating on behalf of any party or individual. Based on this record, the rules and their importance stand uncontroverted. I also submit that if any of the above rules are not complied with, a forfeiture may be declared by the court. In appropriate circumstances, the forfeiture may be waived by the court, and it may address the merits as it deems appropriate.

¶ 28    I believe the majority has failed to address the issue of forfeiture as the same majority attempted to do three times in *People v. Gonzalez,* 2024 IL App (2d) 230593-U, ¶¶ 19, 25, and 34. Instead, here, it presents an analysis that is devoid of any mention of forfeiture while analyzing the

issues in the notice of appeal by reviewing the record and concluding that the judgment was neither against the manifest weight of the evidence nor an abuse of discretion.

¶ 29    I submit that failing to address burdens on review, and the possible forfeiture of breaches of burdens on review, essentially results in advocacy of the defendant's appeal. Curiously, the majority in *Gonzalez* related the following:

> "As to defendant's first contention of error-that he was not charged with a qualifying offense, he only checked the corresponding box on his form notice of appeal. He did not provide any elaboration on that issue. Because this issue was addressed in the circuit court, *we will not apply forfeiture*; however, *correspondingly, we will not serve as defendant's advocate.* Therefore, we simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17." (Emphasis added.) *Gonzalez,* 2024 IL App (2d) 230593-U, ¶ 19.

¶ 30    I agree with the majority as to the proper standards of review set forth in paragraph 15 above. However, I believe we should address the merits, or lack thereof, of the issues on appeal, mindful of the following established law:

> "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill.2d R. 341(e)(7) [eff. Oct. 1, 2020]), and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error [citation]. Accordingly, these contentions are waived." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 31    Additionally:

" 'Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested.*" ' (Emphasis in original.) *[People v.] Inman*, 2023 IL App (4th) 230864 (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). Accordingly, 'some form of argument is required, along with justification for claiming entitlement to relief-like references to the record, the evidence presented, or, if possible, legal authority.' *Id.* A reviewing court 'cannot be expected to formulate an argument for defendant out of whole cloth.' *Id.* ¶ 13. 'The appellate court is not a depository in which the appellant may dump the burden of argument and research.' *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5." *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶¶ 42-43.

¶ 32    Checked boxes in the notice of appeal are the equivalent of the issues raised in an appellate brief. See Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). As such, the issues are claims of error. If there is additional elaboration then there might be additional argument, citation to authority, or something more specific than the conclusory claim in the body of the checked box. We have the authority to view the record to see if there is an insufficiency or related error. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so.").

¶ 33    If a review of the record shows any evidence to support the judgment, *vis-à-vis* no evidence whatsoever to support the judgment, then, if there is a failure to cite to the record, authority, or

make a cohesive argument, forfeiture should be declared. I have reviewed the record and there is some evidence of record to determine all issues on appeal are forfeited.

¶ 34    Forfeiture, however, is a limitation on the parties, not the reviewing court, and we may overlook forfeiture when necessary to reach a just result or maintain a sound body of precedent. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15. Since the majority has not addressed forfeiture and its waiver, I will stand on the forfeiture of all the issues raised in this appeal. I have no desire to join the majority in advocating on behalf of the defendant. See *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 8 (dismissal of appeal granted due to like forfeiture) and *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 28 (affirmance of appeal due to like forfeiture.)