2024 IL App (2d) 230593-U
No. 2-23-0593
Order filed March 14, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2726 |
| ANDY GONZALEZ, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justice Mullen concurred in the judgment.
Presiding Justice McLaren specially concurred.

**ORDER**

¶ 1    *Held:* Circuit court's detention order is affirmed, where defendant committed a detainable offense and the State met its burden to show that no conditions would mitigate defendant's risk of flight. Affirmed.

¶ 2    Defendant, Andy Gonzalez, requests that we vacate the circuit court's order granting the

State's petition to deny him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1,

2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Specifically, defendant contends, using the form notice of appeal promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023), that (1) he was not charged with a qualifying offense, (2) the State failed to prove by clear and convincing evidence that the proof was evident and presumption great that he committed Class 3 criminal damage to government supported property, (3) the State failed to meets its burden by clear and convincing evidence that he posed a real and present threat to the safety of any person or the community, (4) the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate defendant's risk of willful flight, (5) the circuit court erred in finding that no condition or combination of conditions would reasonably ensure defendant's appearance or prevent him from being charged with another offense, and (6) the State failed to prove by clear and convincing evidence that conditions of pretrial release are necessary. For the following reasons, we affirm.

¶ 3                          I. BACKGROUND

¶ 4     On December 16, 2023, defendant was charged in case No. 23-CF-2726 with escape (730 ILCS 5/5-8A-4.1(a) (West 2022)) (Class 3), criminal damage to government supported property (720 ILCS 5/21-1.01(a)(1) (West 2022)) (Class 3), and violation of conditions of pretrial release

---

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Criminal Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

(*id.* § 32-10(b)) (Class A). At the time of these offenses, defendant was on pretrial release in case No. 23-CF-802 and had another case pending (case No. 23-CF-804). In case No. 23-CF-802, defendant was charged with, *inter alia*, Class X armed violence (*id.* § 33A-2(a)). As a condition of his release, defendant was placed on electronic home monitoring (EHM) and ordered not to leave his home except for appointments with his attorney, court appearances, or work. In case No. 23-CF-804, defendant was charged with, *inter alia*, aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1 (a)(1) (West 2022)).

¶ 5       The same day, the State filed a verified petition to detain pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged that defendant possessed a high likelihood of willful flight and was charged with a felony offense that was not a Class 4 offense.

¶ 6       The hearing on the petition was held on December 18, 2023. At the hearing, the State submitted as exhibits police synopses for the present case (exhibit No. 1), as well as two others (Nos. 23-CM-802 (exhibit No. 2) and 23-CF-804 (exhibit No. 3)). The State proffered that, in early October, defendant was placed on EHM in case No. 23-CF-802. On December 15, 2023, police were called to defendant's home address at 16 South Farnsworth Avenue in Aurora for a domestic dispute. Upon arrival, police discovered a discarded EHM bracelet that defendant had removed with a knife before fleeing the residence. Police searched for defendant using canines and a drone but were unable to locate him. Approximately two hours after their search began, police found and arrested defendant at his mother's residence.

¶ 7       Thereafter, the court heard arguments regarding the State's petition to detain. Defense counsel asserted that defendant had reasons, outside of avoiding prosecution, to flee his residence. Namely, there was a "reasonable inference" that defendant was running from a domestic dispute

when he removed his EHM device (as he was never charged with domestic battery, but this initiated the police interaction). Also, counsel asserted that the evidence failed to show where defendant's home address was for EHM purposes. Accordingly, his presence at his mother's residence may have been proper. Next, counsel argued that the State failed to present evidence that defendant's damage to the EHM device was over $500, which is an essential element of Class 3 criminal damage to government supported property. Finally, counsel concluded that he believed conditions could be imposed that would compel defendant to attend all court proceedings and maintain his current employment.

¶ 8    The State argued that defendant's tampering with the EHM device met the definition of willful flight under the Act because defendant's behavior was intentional conduct to thwart the judicial process, as he removed the tracking device and fled the residence in which the court ordered him to remain. Any argument that defendant was fleeing a domestic dispute was not supported by the evidence and "seems unrealistic." Specifically, the State opined that it was unrealistic to consider, first, cutting off a tracking device if he needed to flee a domestic situation; it was counterintuitive to remove a tracking device if he needed police assistance; and there was no evidence that defendant contacted police after fleeing. The State argued that defendant's actions here were significant because he faced severe charges in case No. 23-CF-802 and his pending offense in case No. 23-CF-804 was for aggravated fleeing or attempting to elude a peace officer. Finally, the State asserted that defendant's eventual discovery should not counterbalance the efforts taken to escape.

¶ 9    The circuit court ordered defendant detained, finding by clear and convincing evidence that the proof was evident and the presumption great that defendant committed a detainable offense and that there was a high likelihood of willful flight. Specifically, the court determined that

defendant's actions of cutting the device and fleeing the residence, in light of his severe charges, were the bases for his detention.

¶ 10 Thereafter, defendant timely appealed the decision, using the form notice of appeal promulgated under Rule 606(d). On January 30, 2024, defendant filed a notice in lieu of Rule 604(h) memorandum, and, on February 15, 2024, the State responded.

¶ 11                                II. ANALYSIS

¶ 12 In the notice of appeal, defense counsel checked six boxes, only three of which contained any elaboration identifying a basis for the checked claim of error. First, counsel argued that the State failed to prove by clear and convincing evidence that the proof was evident or the presumption great that defendant committed the offenses charged because there was no evidence showing that any damage to the government supported property exceeded $500. Counsel also argued that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions would mitigate defendant's risk of willful flight, where the court improperly considered State's exhibit Nos. 2 and 3 and the court erroneously found that defendant "escaped/violated EHM" to avoid prosecution, despite no evidence to support this determination. Finally, counsel argued that the State failed to meet its burden of proving by clear and convincing evidence that conditions of pretrial release were necessary because there was no evidence that defendant violated EHM to avoid prosecution. The other checked boxes' pre-printed claims assert, generally, that: defendant was not charged with an offense qualifying for the denial of pretrial release, the State failed to prove by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or the community, and the court erred in finding that no condition or combination of conditions would reasonably ensure the appearance of

defendant and prevent him from being charged with subsequent offenses. We reject defendant's arguments.

¶ 13 The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Section 110-6.1(e) of the Code presumes that all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). However, a defendant's pretrial release may be denied for certain charged offenses. *Id.* §§ 110-2(a), 110-6.1.

¶ 14 To deny a defendant pretrial release, the circuit court must find that the State proved by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed a detainable offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid the real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f).

¶ 15 If the circuit court finds that the State proved a real and present threat to the safety of any person or the community or the defendant is likely to flee to avoid prosecution, the circuit court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). However, if the court orders the defendant's detention, the court must make written findings summarizing the reasons, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(h)(1).

¶ 16   Our standard of review is twofold. We review the circuit court's factual findings regarding the prerequisites to detention under the manifest-weight-of-the-evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence only where the finding is unreasonable. *Id.* We review for an abuse of discretion the circuit court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion occurs only when the circuit court's decision is unreasonable. *Id.*

¶ 17                           A. Detainable Offense

¶ 18   Defendant contends that he was not charged with an offense qualifying for denial of pretrial release and that the State failed to meet its burden of proving by clear and convincing evidence that defendant committed the Class 3 offense of criminal damage to government supported property because the State failed to show that the damage to defendant's EHM device exceeded $500. We need not decide defendant's second issue because the court's finding that he committed a detainable offense, escape, was not unreasonable.

¶ 19   As to defendant's first contention of error—that he was not charged with a qualifying offense, he only checked the corresponding box on his form notice of appeal. He did not provide any elaboration on that issue. Because this issue was addressed in the circuit court, we will not apply forfeiture; however, correspondingly, we will not serve as defendant's advocate. Therefore, we simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17.

¶ 20   Here, the State moved to detain defendant because he was charged with an offense greater than a Class 4 felony and argued he had a high likelihood of willful flight. 725 ILCS 5/110-6.1(a)(8) (West 2022). Defendant was charged with two potential qualifying offenses—escape and criminal damage to government supported property. As charged, a person commits escape where

he or she is charged with a felony and is conditionally released from the supervising authority through an electric monitoring program and knowingly leaves the geographic boundaries of such program with the intent to evade prosecution. 730 ILCS 5/5-8A-4.1(a) (West 2022).

¶ 21   The State's proffer related that defendant was on pretrial release in case No. 23-CF-802, wherein defendant was charged with Class X armed violence. As a condition of his release, he was placed on EHM and ordered not to leave his home except for appointments with his attorney, court appearances, or work. Approximately two months later, on December 15, 2023, police responded to a domestic disturbance at defendant's residence. Upon arrival, defendant's EHM bracelet was located and appeared to have been removed with a knife. Police searched the immediate area for defendant using canines and a drone but were unable to locate him. However, two hours later, police found and arrested defendant at his mother's residence.

¶ 22   At the pretrial hearing, defense counsel argued that there was no evidence that defendant's residence was at 16 South Farnsworth Avenue. Moreover, counsel argued that defendant was not evading prosecution; rather, he was evading a domestic situation wherein he, presumably, was the victim. At the conclusion of the hearing, the circuit court found defendant had committed a detainable offense. Moreover, the court did not find defense counsel's arguments availing and, instead, found notable that defendant was facing a serious offense and fled his residence without the EHM device when this condition was defendant's primary condition of pretrial release in case No. 23-CF-802.

¶ 23   Nothing in the record here rebuts the presumption that the court knew, followed, and applied the law. The court's rejection of defendant's argument that 16 South Farnsworth Avenue was not defendant's residence was reasonable considering the police synopsis indicated that this was defendant's home address. *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24 (finding that the

police synopsis is sufficient to meet the State's burden). Additionally, the court's rejection of defendant's argument that he was not evading prosecution, but, rather, a domestic situation, was also reasonable because the defendant was facing severe charges in case No. 23-CF-802, and he fled his residence without his EHM device, which was the main condition imposed on defendant. Overall, the court's findings were consistent with the record and the applicable law. Accordingly, the court's finding that defendant committed a detainable offense was not against the manifest weight of the evidence or otherwise unreasonable.

¶ 24                                    B. Dangerousness

¶ 25    Here, defendant was charged with an offense greater than a Class 4 felony and the State alleged that defendant had a high likelihood of willful flight. Defendant was not charged with an offense that made him eligible for detention under the dangerousness standard (see 725 ILCS 5/110-6.1(a)(1-7) (West 2022)), the dangerousness standard was not raised as a basis for detention in the circuit court, nor was he detained on this basis. For these reasons, we find defendant's check-boxed claim disputing a finding of dangerousness forfeited. *Inman*, 2023 IL App (4th) 230864, ¶ 13.

¶ 26                          C. Conditions of Release—State's Burden

¶ 27    Next, defendant contends that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate defendant's risk of willful flight where the court improperly considered State exhibit Nos. 2 and 3 (the police synopses from case Nos. 23-CF-802 and 23-CF-804, respectively), and the court erroneously found that defendant "escaped/violated EHM" to avoid prosecution, despite no evidence to support this conclusion.

¶ 28 First, the Act expressly authorizes the circuit court to consider the history and characteristics of the defendant in determining whether conditions could mitigate his risk of willful flight. 725 ILCS 5/110-5(a) (West 2022). Correspondingly, the court shall consider factors such as whether defendant had any other offenses pending at the time of his arrest in the present case. *Id.* § 110-5(a)(3)(B). The evidence before the circuit court included pending charges against defendant for Class X armed violence and aggravated fleeing or attempting to elude a peace officer. It was not erroneous for the State to present, or the court to consider, these facts pursuant to the Code as amended by the Act. *Id.* Accordingly, the admission of this evidence was not improper.

¶ 29 Next, defendant's claim that the State failed to meet its burden of proving by clear and convincing evidence that no conditions could mitigate his risk of willful flight because "the [c]ourt erroneously found the [d]efendant escaped/violated EHM to avoid prosecution" also fails.

¶ 30 Here, the court heard conflicting proffers from the parties regarding whether defendant was attempting to avoid prosecution. Defense counsel argued that defendant, presumably, was evading a domestic dispute, not prosecution, when he fled his residence because the police interaction was initiated by a domestic dispute call and defendant was not charged with domestic battery, therefore, he must have been the victim. Contrarily, the State argued that defendant intended to evade prosecution because he had Class X charges pending in case No. 23-CF-802; he had a history of evading police as seen in case No. 23-CF-804; he cut off his EHM device before fleeing his residence, which would hinder his ability to be helped by police and, presumably, be difficult to manage if he was the victim of a domestic disturbance; and he did not seek police intervention after fleeing the domestic dispute.

¶ 31 The question of whether there were other measures besides incarceration that could have mitigated the risk of defendant's willful flight depends in part on the nature of that risk, so we

begin by analyzing that risk based on the evidence submitted by the State. Here, the State presented evidence that defendant had a pending charge in case No. 23-CF-804 relating to his flight from police and he had a potential motive to flee from prosecution to avoid his pending Class X charges. Moreover, the State argued that, logically, the evidence did not support defendant's supposition that he was fleeing from a domestic dispute.

¶ 32    The State presented ample evidence to meet its burden that defendant should be detained. The court's determination to detain defendant was based on the facts of the case and defendant's criminal history. The arguments defendant advances before this court regarding his detention are the same as those presented to the circuit court. The court considered these arguments but, ultimately, found that the State satisfied its burden. Just because defendant's arguments were contrary to the State's does not mean that his arguments were any more veracious. The circuit court was in the best position to gauge the parties' evidence and arguments, and obviously did so. *People v. Deleon*, 227 Ill. 2d 322, 332 (2008) ("Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the [defendant] and witnesses."). Accordingly, the factual findings of the court were not against the manifest weight of the evidence.

¶ 33                    D. Conditions of Release—Court's Determination

¶ 34    Defendant next contends that the circuit court erred in determining that no condition or combination of conditions would reasonably ensure his appearance or prevent him from committing additional offenses. Regarding this claim, defendant only checked the corresponding box on his form notice of appeal and did not provide any elaboration. This bare assertion is devoid of arguments or facts in the notice of appeal, there is no memorandum supporting defendant's claims, and we cannot characterize the arguments made before the circuit court as addressing this

issue. Because defendant provided no argument in the circuit court in support of this contention, the issue is forfeited. *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 8 (finding forfeited defendant's claims where he did not support the claims with facts, failed to cite legal argument or authority, and defense counsel "declined its opportunity to provide the missing argument, citation of the record, or authority that would support any argument that could have been made for the issues raised on appeal"); *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 28 (finding forfeited claims only addressed in the notice of appeal, without any corresponding elaboration, and which were not raised before the circuit court).

¶ 35                                    E. Imposing Conditions of Release

¶ 36    Finally, defendant contends that the State failed to meet its burden of proving by clear and convincing evidence that conditions of release are necessary because "[t]here was no evidence the [d]efendant violated EHM to avoid prosecution." We find defendant's argument here is misplaced because the language he relies on implicates section 110-10(a), which applies to defendants who are released prior to conviction and subjected to various conditions. 725 ILCS 5/110-10(a) (West 2022). Defendant has not, in *this* case, been placed on pretrial release or subjected to conditions of release. As such, this issue is unavailing.

¶ 37                                    III. CONCLUSION

¶ 38    We affirm the judgment of the circuit court of Kane County.

¶ 39    Affirmed.

¶ 40    PRESIDING JUSTICE McLAREN, specially concurring:

¶ 41    I specially concur because I believe there are several problems with the majority's analysis.

¶ 42    The majority addresses the standard of review but does not address the burdens on review. Most often burdens on review are deemed and declared a forfeiture if there is non-compliance with

the burden. Examples of burdens on review are establishing that any claimed errors were properly preserved in the trial court; *i.e.*, objections were made, offers of proof were made, final pleadings did not fail to include counts for which review was sought. The majority refers to one of these burdens on review in paragraph 19:

> "As to defendant's first contention of error—that he was not charged with a qualifying offense, he only checked the corresponding box on his form notice of appeal. He did not provide any elaboration on that issue. *Because this issue was addressed in the circuit court, we will not apply forfeiture*; however, correspondingly, we will not serve as defendant's advocate. Therefore, we simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17." (Emphasis added.) *Supra* ¶ 19.

¶ 43 The italicized clause is a non sequitur. It is equating a burden on review that is perfected in the trial court with a burden on review that must be satisfied in the appellate court. The fact that something was properly raised in the trial court does not mean that, *ipso facto*, it is, or will be raised in the appellate court, let alone *properly referenced in the record*, with *appropriate legal authority* and a *cohesive argument*. Further, it does not alleviate the need for a p*roper record to review*. These are but four examples of burdens on review that require the underlying burden to preserve the error for appellate review. The majority's false logic fails to address the proverbial gorilla in the phone booth.

> "A *reviewing* court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill.2d R. 341(e)(7) [eff. Oct. 1, 2020]), and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or

search the record for error [citation]. Accordingly, these contentions are waived." (Emphasis added.) *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 44    Furthermore,

" 'Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested*." ' (Emphasis in original.) [*People v.*] *Inman*, 2023 IL App (4th) 230864 (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). Accordingly, 'some form of argument is required, along with justification for claiming entitlement to relief-like references to the record, the evidence presented, or, if possible, legal authority.' *Id.* A reviewing court 'cannot be expected to formulate an argument for defendant out of whole cloth.' *Id.* ¶ 13. 'The appellate court is not a depository in which the appellant may dump the burden of argument and research.' *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5." *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶¶ 42-43.

See also *People v. Whitaker*, 2024 IL App (1st) 232009:

"While we are sympathetic to the additional burdens that these appeals have imposed on the parties, we use this opportunity to reiterate that an appellant must present sufficient grounds on which this court can review any claims of error. Although Illinois Supreme Court Rule 341 does not govern these proceedings, it is still necessary for an appellant to present ' "coherent argument and analysis supported by proper record citations and legal authorities." ' See *People v. Inman*, 2023 IL App (4th) 230864, (quoting Ill. Sup. Ct. R. 341).

As the court in *Inman* explained, 'Even the new Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested.*" (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). This would appear to mean some form of argument is required, along with justification for claiming entitlement to relief—*like references to the record, the evidence presented, or, if possible, legal authority.*' " (Emphasis added.) *Whitaker*, 2024 IL App (1st) 232009, ¶¶ 37-38 (quoting *Inman*, 2023 IL App (4th) 230864, ¶ 12).

¶ 45    The majority not only fails to consider the gorilla, but also fails to address the phone booth. It does not cite the exception to the rule of a declared forfeiture: "Forfeiture *** is a limitation on the parties, not the reviewing court, and we may overlook forfeiture when necessary to reach a just result or maintain a sound body of precedent." *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15.

¶ 46    Another questionable application of forfeiture is contained in paragraph 25:

"Here, defendant was charged with an offense greater than a Class 4 felony and the State alleged that defendant had a high likelihood of willful flight. Defendant was not charged with an offense that made him eligible for detention under the dangerousness standard (see 725 ILCS 5/110-6.1(a)(1-7) (West 2022)), *the dangerousness standard was not raised as a basis for detention in the circuit court, nor was he detained on this basis. For these reasons, we find defendant's check-boxed claim disputing a finding of dangerousness forfeited. Inman*, 2023 IL App (4th) 230864, ¶ 13." (Emphasis added.) *Supra* ¶ 25.

¶ 47    I submit this is not a forfeiture. This issue is *dehors* the record. It is a nonissue. If this were a forfeiture, it would be by the State instead of defendant. I submit defendant's claim is frivolous, as it is not germane to the proceedings. *Cf. People v. Hodges*, 234 Ill. 2d 1, 16 (2009) (a *pro se*

postconviction petition is frivolous or patently without merit if it has "no arguable basis either in law or in fact"; a petition has no basis in law when it is based on an "indisputably meritless legal theory," meaning that the legal theory is "completely contradicted by the record"). I submit it is also moot. Assuming, *arguendo*, that we addressed the merits of defendant's claim, we could not grant relief because we could not reverse or vacate the judgment on this spurious basis.

¶ 48    Another instance of an erroneous analysis occurs in paragraph 34. The majority cites to two cases for the proposition that defendant's claim regarding conditions for release is forfeited "because the defendant provided no argument in the circuit court in support of this contention." *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 8, and *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 28. The first citation made *no* mention of the trial court forfeiture but only addressed the appellate court forfeitures.

> "Here, the defendant failed to comply with the requirement of Rule 604(h). The defendant couched his claims in the conclusory language of article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)) and referred to no evidence in the record upon which to evaluate his claims. He furthermore fails to provide any legal argument or authority in support of his claims. Moreover, OSAD, defendant's counsel on appeal, declined its opportunity to provide the missing argument, citation of the record, or authority that would support any argument that could have been made for the issues raised on appeal. Therefore, we find this court has nothing on which to base an analysis of the defendant's allegations on appeal, and the defendant forfeited the issues raised on appeal. For the foregoing reasons, we grant the State's motion and dismiss this appeal." *Duckworth*, 2024 IL App (5th) 230911, ¶ 8.

¶ 49    I submit *Duckworth* supports my position rather than the majority's. *Mancilla* cites to paragraph 8 of *Duckworth* but also references possible issues raised in the trial court that were, at best, *dicta*. I submit the first portion of this quote from *Mancilla* relates to matters raised in the trial court and does not cite to authority for that proposition. But *Mancilla* goes on to say, as I have postulated, that the forfeitures the majority has refused to acknowledge in the appellate court require affirmance (whereas *Duckworth* required dismissal):

> "These bare assertions are devoid of arguments or facts in the notice of appeal, there is no memorandum, and we cannot characterize the arguments made before the circuit court as containing any such claims. *Because defendant provides no argument in support of these contentions, he has forfeited these issue on appeal. People v. Duckworth,* 2024 IL App (5th) 230911, ¶ 8 (finding, among other things, that 'this court has nothing on which to base an analysis of the defendant's allegations on appeal, and the defendant [has] forfeited the issues raised on appeal,' since defense counsel 'declined its opportunity to provide the missing argument, citation of the record, or authority that would support any argument that could have been made for the issues raised on appeal')." (Emphasis added.) *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 28.

¶ 50    I submit the majority analysis is not only misdirected but conforms with and supports this special concurrence. It would be beneficial if the majority would quote the relevant portions of the cases rather than mischaracterize them with parenthetical phrases.

¶ 51    Finally, in the latter portion of paragraph 19 the majority relates: "however, correspondingly, *we will not serve as defendant's advocate. Therefore, we simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17." (Emphasis added.) *Supra* ¶ 19. The majority is

reviewing a presumption to determine if it is to be maintained while it also determines if the manifest weight of the evidence support the judgment and the exercise of discretion was not abused as the majority has referenced in paragraph 16 above.

¶ 52      In paragraph 23 the majority applies the presumption in a rather curious manner. It opens the paragraph with: "Nothing in the record here rebuts the presumption that the court knew, followed, and applied the law." *Supra* ¶ 23. At the close of the paragraph, it determines that the presumption has been sustained in conjunction with "the manifest weight of the evidence." *Id*. If one reads the analysis, what one comes away with is not whether the trial court knew and applied the law but, whether the findings made by the trial court are against the manifest weight of the evidence with deference given to the trier of fact in determining controverted issues of fact. In the future, will applying this novel approach, broached by *Inman*, require the majority to become the advocate of the appellant and search the record to reverse if it determines the trial court did not follow and apply the law? Only time will tell. See *Obert*, 253 Ill. App. 3d at 682 ("it is neither the function nor the obligation of this court to act as an advocate or search the record for error.").