THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JESSIE PARTEE, JR., Defendant-Appellant.

Second District   No. 85—0744

Opinion filed March 24, 1987.—Rehearing denied May 4, 1987.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Kenneth R. Boyle and William L. Browers, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:
The defendant, Jessie Partee, Jr., appeals directly from his conviction of aggravated battery following a bench trial in the circuit court of Winnebago County. He was present at trial during the presentation of the State's case in chief. When he did not return to court after a short recess was declared, the trial proceeded, and he was convicted and sentenced *in absentia*. He contends here the court erred in holding the trial and sentencing him *in absentia* because the record fails to

affirmatively show that he was advised that the trial and sentencing could be held in his absence as required in section 113—4(e) of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e)).

■ Initially, we address the State's motion to dismiss the appeal, and the defendant's objections thereto. The State contends that we lack jurisdiction in light of our decision in *People v. Brown* (1984), 121 Ill. App. 3d 776. In *Brown*, we remanded the cause with directions that the court conduct a hearing under section 115—4.1(e) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(e)). Defendant there was convicted and sentenced for residential burglary after a jury trial *in absentia*. Defendant's counsel timely filed a notice of appeal in his absence as well. After defendant was arrested, his appointed counsel moved for a hearing pursuant to section 115—4.1(e) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(e)). Although the trial court agreed the defendant would be entitled to such a hearing, it believed it had lost jurisdiction to conduct any further proceedings since a notice of appeal had been filed. Defendant appealed from the court's denial of its request, and the two appeals were consolidated.

In remanding the cause for a hearing pursuant to section 115—4.1(e), we noted that the State "conceded" that a judgment of conviction of a defendant *in absentia* was not a final and appealable order and emphasized that the statute provides that a defendant convicted *in absentia* "must" be granted a new trial if he appears before the court and establishes at a hearing that his failure to appear was due to circumstances beyond his control and was not his fault.

Thus, relying on *Brown*, the State here contends that no final appealable order exists until the defendant is returned to the trial court "and a ruling rendered on any claim that the defendant's absence from trial and sentencing was not willful." It contends that application of this rule would be most apt here "since the sole issue raised by defendant on appeal concerns the propriety of his having been tried and sentenced *in absentia*, the very matter which section 115—4.1(e) seeks to address, and a matter which could be resolved by the trial court if defendant appears in that court as mandated by *People v. Brown*."

The defendant objects to the State's motion to dismiss, noting that our *Brown* decision is at odds with the posture taken by other courts of review. (See, *e.g., People v. Sayles* (1985), 130 Ill. App. 3d 882; *People v. Stark* (1984), 121 Ill. App. 3d 787; *People v. Muir* (1983), 113 Ill. App. 3d 1096.) He further contends that a hearing under section 115—4.1(e) would be useless since there could be no showing of wilfulness since he was never properly admonished. He contends the lack of ad-

monishment sufficiently distinguishes the instant cause from *Brown*, and he requests that we take judicial notice of the facts in that case which show that the defendant there was admonished at arraignment.

We find the instant cause primarily is distinguished from *Brown* in that the defendant here has not requested a hearing pursuant to section 115—4.1(e). When such a hearing is requested, "[a] hearing on the defendant's request 'must' be held. 'Must' is generally regarded as mandatory language. [Citation.]" (*People v. Brown* (1984), 121 Ill. App. 3d 776, 779.) The *ratio decidendi* in *Brown* was whether the trial court erred in its belief that the defendant's notice of appeal deprived it of jurisdiction to grant him a hearing pursuant to section 115—4.1(e). We found it was error to not grant such a hearing when requested, reasoning that the judgment rendered *in absentia* was not final and appealable until the requested hearing had been held. Thus, we found the trial court was not deprived of its jurisdiction in that cause, and remanded it for a hearing.

It is apparent the thrust of the State's argument to dismiss here, premised on *Brown*, is that a court's judgment *in absentia* is not final and *cannot* be appealed until a section 115—4.1(e) hearing has been held and a judgment entered. That argument necessarily presupposes that such a hearing is a prerequisite to a direct appeal, an issue which was not addressed in *Brown*. Such a contention has, in fact, been soundly rejected in *People v. Stark* (1984), 121 Ill. App. 3d 787. The *Stark* court found no authority which indicated that the mere right to request a new sentencing hearing by a defendant sentenced *in absentia* affected the finality of the judgment of conviction or imposition of sentence. The court stated its view that section 115—4.1 was not meant to preempt Supreme Court Rule 606(b) (103 Ill. 2d R. 606(b)) which governs the perfection of an appeal on the merits from a final judgment entered on a criminal conviction and sentence. Further, it viewed that section 115—4.1 was analogous to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401) in that it affords a criminal defendant an alternate, albeit a specifically limited, means of obtaining a new trial or sentencing hearing. (*People v. Stark* (1984), 121 Ill. App. 3d 787, 791; accord *People v. Delgado* (1984), 126 Ill. App. 3d 239, 241-43; *People v. Sayles* (1985), 130 Ill. App. 3d 882, 888 (a proceeding under section 115—4.1 after an appeal has been prosecuted *in absentia* is another species of post-conviction relief).) Further, as noted in *Stark*, there is nothing in section 115—4.1 which suggests that a defendant automatically will file such a motion, particularly in instances where no reasonable excuse exists for his not appearing in court. *People v. Stark* (1984), 121 Ill. App. 3d 787, 792.

In view of the fact the defendant here has not filed a motion for a hearing pursuant to section 115—4.1(e), and that he has filed a timely direct appeal, the State's motion to dismiss is denied. In regard to this latter point, we note we granted defendant leave to file an affidavit wherein he expressed his interest in and desire to prosecute this appeal.

Turning to the merits of the direct appeal, the defendant contends that the court erred in completing trial and sentencing him *in absentia* because the record fails to affirmatively show that he was advised that the trial and sentencing could be held in his absence. He refers here to the admonishment provided for in section 113—4(e) of the Code:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence."

Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e).

Although neither party has raised the issue, we note defendant's contention that he was not admonished was not raised in any manner during trial or by way of post-trial motion. Defense counsel's oral general motion for a new trial was denied. Although the waiver rule generally would be applicable, we note that a trial court's failure to admonish a defendant as provided in section 113—4(e) of the Code has been found in at least one instance to be plain error (*People v. Watson* (1982), 109 Ill. App. 3d 880), and we choose to proceed to consider the merits of the issue. 87 Ill. 2d R. 615(a).

The State contends the defendant waived his right to be admonished because his counsel stated at arraignment on January 10, 1985, in the defendant's presence:

> "We waive a reading of the information as well as advising my client of his rights and the possible penalties."

It argues that this waiver shall be deemed binding on the defendant as in analogous jury waiver cases such as *People v. Murrell* (1975), 60 Ill. 2d 287, and *People v. Sailor* (1969), 43 Ill. 2d 256. In those cases, the right to a trial by jury was held to have been waived where the defendants permitted their attorneys, in their presence and without objection, to waive trial by a jury. It was deemed that the defendants had thereby acquiesced in, and were bound by, the attorney's action.

Defendant replies, however, and we agree, that a criminal defendant's absolute right to be present at all stages of his trial may not be waived on his behalf by his attorney. (*People v. Mallett* (1964),

30 Ill. 2d 136, 141-42.) In *Mallett*, the court found that defendant had not knowingly waived his right to be present at a portion of his trial because he was not fully advised as to the testimony which had been heard in his absence. Because waiver assumes knowledge of what is being waived, the court refused to find that the defendant had waived his right to be present.

■ Although the defendant here was present and did not object to his attorney's above-quoted statement, there is no indication in the record the defendant knew anything about the "rights" to which his attorney was referring. Accordingly, we cannot assume knowledge on his part, and conclude that defendant cannot be held to have waived his right to be admonished pursuant to section 113—4(e) (Ill. Rev. Stat. 1985, ch. 38, par. 113—4(e)).

■ The State next argues that, contrary to the defendant's claim, the record affirmatively shows that he was advised of his rights as required by section 113—4(e). It refers here to a handwritten entry on the docket sheet included as a part of the record on appeal for the date of defendant's arraignment on January 10, 1985. The entry reads:

"[Defendant] advised of consequences of non-appearance when required by ct. [court]."

The State acknowledges that the verbatim report of proceedings for that hearing does not reflect the court's so admonishing the defendant. It asserts, however, that there were two off-the-record discussions during the course of the hearing and that it is "entirely possible that such admonishment was given then."

The defendant replies that in the absence of a verbatim transcript, a "rubber-stamp" recitation from the common law docket entry is inadequate to satisfy the State's burden of showing that he was advised of his rights. In support, he cites *People v. Nikonowicz* (1984), 127 Ill. App. 3d 738, wherein the court found that the rubber-stamp notation on a common law record card which read in part, "Defendant advised of his rights" was insufficient to demonstrate that the defendant had made a valid waiver of counsel under Supreme Court Rule 401 (87 Ill. 2d R. 401). In contrast to the instant cause, there was no verbatim report of proceedings of the hearing at the time the defendant entered his plea of guilty in *Nikonowicz*. Here, a verbatim report of proceedings was prepared which indicates there were two off-the-record discussions, and the State suggests that these discussions could account for the discrepancy between the report of proceedings and the docket entry. Also, the docket entry here was not a rubber stamp, but, rather, a handwritten entry.

The defendant asserts that we "should not brook such speculation

on this critical point," and we agree. We do not entirely reject such speculation either, however, and *sua sponte* conclude that the cause must be remanded for an evidentiary hearing as provided by Supreme Court Rule 329 (87 Ill. 2d R. 329).

This same result was reached in *People v. Allen* (1985), 109 Ill. 2d 177, where there was a conflict between the common law record and the transcript of proceedings. The common law record reflected that the third proposition of the written attempted-armed-robbery instruction, which was marked "Given," correctly stated: "That the defendant did not act under compulsion." In contrast, the transcript of proceedings indicated that the trial judge, in reading the instruction to the jury, stated: "That the defendant, *or one for whose conduct she is legally responsible,* did not act under compulsion." (Emphasis in original.) 109 Ill. 2d 177, 181.

The appellate court reversed the defendant's conviction and remanded for a new trial on that issue, finding that the judge misstated the law when it read the instruction to the jury. Thereafter, the appellate court denied the State's motion for leave to supplement the record in which it contended that the transcript was inaccurate in that the trial judge *did not* include the additional words when it read the instruction to the jury. The State then petitioned for leave to appeal to the Illinois Supreme Court, which was granted, and moved in the alternative to be allowed to supplement the record or to have the cause remanded to the trial court for an evidentiary hearing pursuant to Supreme Court Rule 329 (87 Ill. 2d R. 329). That rule provides:

> "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court or a judge thereof. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the records made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted."

The supreme court granted the State's motion to remand, "[a] hearing pursuant to Rule 329 being the proper way to correct a mistake in the record." (*People v. Allen* (1985), 109 Ill. 2d 177, 185.) Subsequently, the circuit judge ruled that the evidence presented to it sup-

ported the proposed correction advanced by the State. The record was amended, and the supreme court determined that the trial court's correction of the transcript of proceedings was proper. Because the instruction given was a correct statement in the law, the supreme court found that no error had occurred in instructing the jury, and it affirmed the defendant's conviction.

During the hearing held there pursuant to Supreme Court Rule 329, the State presented the original stenographic notes of the proceedings and the testimony of the court reporter as to how the mistake in the transcript occurred. It was noted that the conflict between the common law record and the report of proceedings should be resolved by the trial court by "looking at the record as a whole. (*People v. Williams* (1963), 27 Ill. 2d 327, 329; *People v. Jones* (1979), 70 Ill. App. 3d 338, 349.)" (*People v. Allen* (1985), 109 Ill. 2d 177, 184.) In looking at the record as a whole during the Rule 329 hearing, the trial court noted the absence of objection to the instruction as purportedly read by the trial judge and the lack of a post-trial motion specifying the claimed error.

Similarly looking at the record as a whole here, there was no objection to the lack of admonition during trial or at the post-trial hearing. Additionally, the report of proceedings of the post-trial hearing reflects that the court commented that the defendant "had been earlier informed of the possibility that existed of this happening [trial concluding *in absentia*] should he absent himself from trial." Moreover, according to the record of a proceeding held on January 9, 1986, when the defendant here finally contacted counsel concerning his wishes, counsel reported to the court that, "Mr. Partee has informed me he wishes me to file a motion for him to be resentenced because he was in custody at the time of the sentencing hearing." There was no mention at that hearing of the purported lack of admonition, and no motion for a new sentencing hearing appears in the common law record.

We believe the procedure approved in *People v. Allen* for a hearing in the trial court pursuant to Rule 329 is the proper way to resolve the crucial conflict which exists in this record. Accordingly, the cause is remanded for further proceedings consistent with this opinion.

State's motion to dismiss denied; cause remanded.

HOPF and DUNN, JJ., concur.