2024 IL App (2d) 240090-U
Nos. 2-24-0090 & 2-24-0094 cons.
Order filed April 17, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 22-CF-287<br>22-CF-288 |
| CARL JONES, III, | ) ) | Honorable<br>Marcy Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justice Jorgensen concurred in the judgment.
Presiding Justice McLaren dissented.

### ORDER

¶ 1    *Held*:   The trial court did not err in granting the State's petition to deny pretrial release and ordering defendant detained.

¶ 2                                      I. INTRODUCTION

¶ 3    Defendant, Carl Jones, III, appeals an order of the circuit court of De Kalb County denying his motion for reconsideration of pretrial release conditions and granting the State's petition to deny him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). For the reasons that follow, we affirm.

¶ 4                                II. BACKGROUND

¶ 5      On June 3, 2022, defendant was charged by complaint in the circuit court of De Kalb County in case No. 22-CF-287 with two counts of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2022)), a Class 1 felony, two counts of criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2022)), a Class 4 felony, one count of possession of a firearm without a requisite firearm owner's identification (FOID) card (430 ILCS 65/2(a)(1) (West 2022)), a Class A misdemeanor, one count of possession of firearm ammunition without a FOID card (430 ILCS 65/2(a)(2) (West 2022)), a Class A misdemeanor, and two counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(3)(c), (a-5) (West 2022)), a Class 4 felony. The charges arose from an incident on May 30, 2022, when police responded to a report of shots fired. Multiple shell casings were recovered from the scene. Officers recovered video surveillance depicting a suspect running from the scene and identified two vehicles which had been struck by bullets. In the footage, two men were seen ducking down as gunshots struck their vehicles. During an interview of the two men, the men revealed to officers that a physical altercation had occurred in the same area two days before. The men showed officers a picture of defendant's driver's license and stated that they believed defendant shot their vehicles. Ammunition recovered from defendant on June 2, 2022, matched the casings recovered from the scene on May 30, 2022.

¶ 6      Also on June 3, 2022, defendant was charged by complaint in the circuit court of De Kalb County in case No. 22-CF-288 with two counts of armed violence (720 ILCS 5/33A-2(a) (West 2022)), a Class X felony, one count of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(3)(a-5) (West 2022)), a Class 4 felony, one count of criminal damage to government supported property (720 ILCS 5/21-1.01(a)(1) (West 2022)), a Class 4 felony, one count of aggravated resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2022)), a Class 4 felony, one

count of possession of firearm ammunition without a FOID card (430 ILCS 65/2(a)(2) (West 2022)), a Class A misdemeanor, and one count of possession of firearm without the requisite FOID card (430 ILCS 65/2(a)(1) (West 2022)), a Class A misdemeanor. These charges arose from an incident on June 2, 2022, when officers from the De Kalb Police Department observed defendant at an apartment complex. Knowing that defendant had a valid warrant for failure to appear in another case, officers approached defendant. Defendant then ran past officers, attempted to leap over and pull away from Detective Parsons of the De Kalb Police Department, with these actions causing injury to Parsons. As Parsons attempted to arrest defendant, defendant pulled Parsons's department-issued radio earpiece, causing it to break. Parsons's cellphone was also broken during the arrest. During a search of defendant, officers found a loaded firearm without a serial number.

¶ 7     At the time defendant was charged in case Nos. 22-CF-287 and 22-CF-288, defendant also had a pending traffic violation in De Kalb County case No. 20-TR-8344 and pending charges in De Kalb County case No. 21-CF-126. Case No. 21-CF-126 was in warrant status based on defendant's failure to appear in court at the time the instant offense was charged.

¶ 8                              III. ANALYSIS

¶ 9     In his Notice of Appeal, defendant raises four main issues. No memorandum was filed by the defense. First, he contends that the trial court erred in finding that the State had proven by clear and convincing evidence that he posed a real and present threat to the safety of any person or persons or the community. Second, he argues that the trial court erred in finding that the State had proven by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat that he posed. Third, he argues that the trial court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a

subsequent felony or class A misdemeanor. Fourth, he argues that he was denied the opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release.

¶ 10     We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat, and whether any conditions would mitigate that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 11     Defendant first argues that the trial court erred in concluding that the State proved by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons in the community, based on the specific, articulable facts of the case. He contends that the State proffered only that he was a threat due to the nature and circumstances of the offense and that "more is required than the basic elements of *** a violent offense." We agree with defendant's proposition that the State is required to show more than the basic elements of an offense. See *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18 (holding that if the base allegations that make up the *sine qua non* of a violent offense were sufficient on their own to establish this element, then the legislature would have simply deemed those accused of violent offenses ineligible for release.). Here, however, the State did present more than the basic elements.

¶ 12    In determining whether a defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, the trial court may consider, but is not limited to, factors such as (1) the nature and circumstances of any offense charged; (2) the history and characteristics of the defendant; (3) the identity of any person or persons to whose safety the defendant is believed to a pose a threat, and the nature of the threat; (4) whether defendant is known to possess any weapons; (5) whether, at the time of the offense, the defendant was on probation, parole, or other release from custody pending trial; and (6) any other factors deemed by the court to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior. 725 ILCS 5/110-6.1(g) (West 2022). No one factor is dispositive. See *id.*

¶ 13    Here, the trial court examined the three pending but separate cases against defendant at the time of the detention hearing. The court acknowledged that defendant was on pretrial release for case No. 21-CF-126, which charged attempt vehicular hijacking, aggravated battery, and resisting a peace officer. Additionally, the court noted that defendant used a weapon in allegedly committing another violent crime in case No. 22-CF-287 and he was charged with numerous offenses including aggravated discharge of a firearm. A few days later, at the time of his arrest in case No. 22-CF-288, defendant was carrying a loaded firearm on his person and has been charged with numerous offenses arising out of his alleged altercation with the officers attempting to arrest him. As the court noted, each of defendant's three cases contained acts of violence. Based on the foregoing, the trial court's finding that defendant posed a real and present threat to the safety of persons or the community was not against the manifest weight of the evidence.

¶ 14    Defendant next argues that the trial court erred in finding that the State proved by clear and convincing evidence that there are no conditions that could mitigate the risk of his release and in

finding that no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent defendant from being charged with a subsequent felony or class A misdemeanor.

¶ 15     The question of whether there were other measures besides incarceration that could have mitigated the risk posed by defendant's release depends in part on the nature of that risk, so we begin by analyzing that risk based on the evidence submitted by the State. *People v. Jones*, 2024 IL App (2d) 230535-U, ¶ 20. The court stated and its written order reflected the reasons for its ruling. These were the "Nature and circumstances of the offense(s) charged," that "[d]efendant is known to possess or have access to weapons," and that "[a]t the time of current offense or arrest, [d]efendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal, or completion of sentence." These findings were individualized and based upon the specific articulable facts of the case. Given the violence related in the proffers provided by the state, the presence and use of firearms, the allegations of resisting arrest and injury to officers, the court could reasonably infer that conditions of pretrial release would be insufficient. See *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 26 (violent offence and resisting arrest while already on pretrial release for another crime "showed disrespect toward the law" and justified detention). The State carried its burden and we cannot say that an opposite conclusion to the trial court's is clearly apparent. As such, the trial court's decision is not contrary to the manifest weight of the evidence, nor was the decision to detain an abuse of discretion.

¶ 16     Finally, defendant argues that he was denied the opportunity for a fair hearing prior to the entry of the order denying pretrial release, as the trial court did not issue a timely ruling pursuant

to the Code. This issue presents a question of statutory interpretation, which we review *de novo*. *People v. Moore*, 2020 IL App (1st) 190435, ¶ 11.

¶ 17    Section 110-7.5 of the Code directs that

"any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing of security, shall be entitled to a hearing *** held within 90 days of the person's motion for reconsideration of pretrial release conditions." 725 ILCS 5/110-7.5(b)(1) (West 2022).

¶ 18    Here, defendant filed his motion for reconsideration of pretrial release conditions on October 3, 2023. The trial court held a hearing on defendant's motion on November 14, 2023, 42 days after the petition was filed. Although the trial court conducted the hearing within 90 days, it did not issue its ruling until January 19, 2024, 118 days after the motion was filed. The reason for this delay is not explained in the record. While the delay in the trial court's decision was certainly unacceptable, given the Code's provisions, the Code itself does not provide a remedy for a violation of this requirement. 725 ILCS 5/110-7.5(b) (West 2022). See also *People v. Walker*, 2024 IL App (1st) 232130-U, ¶ 23 (noting that the statute provides no remedy for a violation of the Code's requirements for a timely hearing). However, we remind the trial court to make its future decisions on a more timely basis.

¶ 19                                IV. CONCLUSION

¶ 20    In light of the foregoing, we affirm the order of the circuit court of De Kalb County.

¶ 21    Affirmed.

¶ 22    PRESIDING JUSTICE McLAREN, dissenting:

¶ 23    Curiously, there is no verbiage in the majority disposition nor the State's memorandum that I am aware of (and I searched all of it) that contains any of the following terms: *forfeiture,*

*waiver, procedural default, citation to the record, citation to authority, or cohesive argument.*
Unfortunately, there was no memorandum filed by the defendant, thus there could not possibly be any such terms contained in a non-existent memorandum. Unfortunately, the majority disposition, as well, fails to mention the defendant's blatant forfeiture, let alone the State's forfeiture of forfeiture. Apparently, the majority is willing to become the agent of the defendant and provide citations to the record, citations to authority, and a semblance of a cohesive argument. The fact that both parties are willing to burden this court with the mantle of advocacy does not speak well for the adversary system of justice, especially since this is virtually identical to the procedural posture of *People v. Ponce*, 2024 IL App (2d) 230595-U.[1]

¶ 24    The reason why I searched for those terms is because when the appellate court entertains an appeal there are several elementary rules that have evolved for at least 50 years or so. I submit the 4 most important rules are (1) preserving and perfecting the claimed errors in the trial court for appellate review; (2) raising those errors in the appellate court; (3) filing a sufficient record for review of all claimed errors; (4) filing a written brief or memorandum in the appellate court that cites to the record, cites to authority, and makes a cohesive argument so that the appellate court may impartially consider the merits of the appeal without advocating on behalf of any party or individual.

---

[1] Adversarial systems are considered to have three basic features. The first is a neutral decision-maker such as a judge or jury. The second is presentation of evidence in support of each party's case, usually by lawyers. The third is a highly structured procedure. Wikipedia, citing Stephen G. Coughlan, *The "Adversary System": Rhetoric or Reality?,* Canadian Journal of Law and Society / La Revue Canadienne Droit et Société, 8 (2) 139–170 (1993).

¶ 25    Based on this record, the rules and their importance stand uncontroverted. I also submit that if any of the above rules are not complied with, a forfeiture may be declared by the court. In appropriate circumstances, the forfeiture may be waived by the court, and it may address the merits as it deems appropriate.

¶ 26    This majority has failed to address the issue of forfeiture previously in *People v. Gonzalez*, 2024 IL App (2d) 230593-U, ¶¶ 19, 25, and 34. Again, it presents an analysis that is devoid of any mention of forfeiture while analyzing the issues in the notice of appeal by reviewing the record and concluding that the judgment was neither against the manifest weight of the evidence nor an abuse of discretion.

¶ 27    I submit that failing to address burdens on review, and the possible forfeiture of breaches of burdens on review, results in advocacy of the defendant's appeal. Curiously, the majority in *Gonzalez* related the following:

    "As to defendant's first contention of error—that he was not charged with a qualifying offense, he only checked the corresponding box on his form notice of appeal. He did not provide any elaboration on that issue. Because this issue was addressed in the circuit court, we will not apply forfeiture; however, correspondingly, *we will not serve as defendant's advocate*. Therefore, we simply evaluate the record and defer to the circuit court, presuming that it knew the law and properly applied it. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17." (Emphasis added.) *Gonzalez*, 2024 IL App (2d) 230593-U, ¶ 19.

¶ 28    However, I believe we should address the merits, or lack thereof, of the issues on appeal, mindful of the following established law:

"A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented (134 Ill.2d R. 341(e)(7) [eff. Oct. 1, 2020]), and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error [citation]. Accordingly, these contentions are waived." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 29    Additionally,

" 'Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested*." ' (Emphasis in original.) [*People v.] Inma*n, 2023 IL App (4th) 230864 (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). Accordingly, 'some form of argument is required, along with justification for claiming entitlement to relief-like references to the record, the evidence presented, or, if possible, legal authority.' *Id.* A reviewing court 'cannot be expected to formulate an argument for defendant out of whole cloth.' *Id.* ¶ 13. 'The appellate court is not a depository in which the appellant may dump the burden of argument and research.' *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5." *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶¶ 42-43.

¶ 30    Checked boxes in the notice of appeal are the equivalent of the issues raised in an appellate brief. See Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). As such, the issues are claims of error. If there is additional elaboration then there might be additional argument, citation to authority, or something more specific than the conclusory claim in the body of the checked box.

¶ 31    We have the authority to view the record to see if there is an insufficiency or related error. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so.").

¶ 32    If a review of the record shows any evidence to support the judgment, *vis-à-vis* no evidence whatsoever to support the judgment, then, if there is a failure to cite to the record, authority, or make a cohesive argument, forfeiture should be declared. I have reviewed the record and there is some evidence of record to determine all issues on appeal are forfeited. Forfeiture, however, is a limitation on the parties, not the reviewing court, and we may overlook forfeiture when necessary to reach a just result or maintain a sound body of precedent. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15. The majority has not addressed forfeiture, either by defendant or the State.

¶ 33    I will honor the forfeiture of the State, but I will not honor the forfeiture of defendant. The forfeiture of the State allows us to address the issues presented by defendant. But defendant's forfeiture requires this court to do something we should not do, advocate on behalf of defendant, and to present his case without the tools we need to be fair and impartial.

¶ 34    I have no desire to join the majority in advocating on behalf of defendant. See *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 8 (dismissal of appeal granted due to like forfeiture) and *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 28 (affirmance of appeal due to like forfeiture).

¶ 35    I believe the appellate defender has an obligation to effectively represent defendant. Effective representation requires, at minimum, a memorandum properly citing to the record and appropriate authority, and making a cohesive argument. If, as an officer of the court, counsel would deem such actions frivolous, then a motion to withdraw and to allow the defendant to appear *pro*

*se* would be appropriate. The right to appeal is apparent. Presently, the right to a meaningful appeal, without advocacy by this court, is not. I, therefore, would order counsel to file a memorandum in support of the claims counsel believes are not frivolous. Accordingly, I dissent. See, *People v. Mancilla*, 2024 IL App (2d) 230505, ¶31.