2025 IL App (2d) 250003
No. 2-25-0003
Opinion filed April 1, 2025

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 22-CF-287 22-CF-288 |
| CARL JONES III, | ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1                              I. INTRODUCTION

¶ 2      Defendant, Carl Jones III, appeals an order of the circuit court of De Kalb County denying his motion for release from pretrial detention in accordance with article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). Defendant asserts that he, having been denied pretrial release, was not brought to trial within 90 days, as required by section 110-6.1(i) of the Code (*id.* § 110-6.1(i)). Given the state of the record, we vacate the trial court's order and remand, with instructions.

¶ 3                              II. BACKGROUND

¶ 4    Defendant was charged with several offenses in two cases. In case No. 22-CF-287, he was charged with two counts of aggravated discharge of a firearm, two counts of criminal damage to property, two counts of possession of a firearm without a firearm owner's identification card, and aggravated unlawful use of a weapon. In case No. 22-CF-288, he was charged with armed violence predicated on aggravated resisting a peace officer, aggravated unlawful use of a weapon, criminal damage to government supported property, aggravated resisting a peace officer, two counts of possession of a firearm without a firearm owner's identification card, aggravated unlawful use of a weapon, and armed violence predicated on criminal damage to government supported property. Additionally, defendant had been previously charged, in case No. 21-CF-126, with attempted aggravated vehicular hijacking, aggravated battery, and resisting a peace officer. On June 7, 2022, bail was set at $500,000.

¶ 5    On October 3, 2023, defendant moved for reconsideration of pretrial release in accordance with section 110-7.5(b) of the Code (*id.* § 110-7.5(b)). The State responded by petitioning to deny defendant pretrial release in all three cases. The trial court granted the State's petitions on January 29, 2024. Defendant appealed this ruling, and this court affirmed. See *People v. Jones*, 2024 IL App (2d) 240090-U.

¶ 6    Defendant was convicted in case No. 21-CF-126 on February 22, 2024. Defendant asked to proceed *pro se* at that time, and the trial court granted his request. On June 18, 2024, he was sentenced to five years' imprisonment. On that date, the trial court asked the State how it intended to proceed regarding the other pending felonies. The State replied that "we could take a short date, and then we will be setting it [*sic*] for trial." Rather than set a court date at that time, the trial court suggested that it issue warrants on the pending cases so that defendant would be returned to the State's custody when defendant is released from prison. The State concurred, and the trial court

issued the warrants. Two days later, it quashed the warrants and directed the De Kalb County Sheriff to notify the trial court "when appropriate to issue a new warrant to ensure the system reflects De Kalb County's 'hold' on defendant." The same order also notes that "[i]n the above cases—the court ordered defendant to be detained pretrial." The order did not set a date for either of the remaining cases on which defendant would return to court, and the cases apparently fell off of the trial court's call.

¶ 7     On June 28, 2024, defendant filed a motion seeking to have counsel appointed in case Nos. 22-CF-287 and 22-CF-288. The trial court's docket sheet indicates that the trial court took no action on this motion. On July 8, 2024, defendant moved the trial court "to set a court date in July for the remaining cases of 22-CF-288 [and] 22-CF-287 to appear in court for these charges I need to be present for." Defendant also reiterated his request that the trial court appoint an attorney to represent him. The trial court took no action on this motion either.

¶ 8     On August 2, 2024, defendant filed a document titled "Proof of Service and Notice of Filing." The document references a "Prayer for Leave to Appeal"; however, the referenced document does not appear in the record. Nothing in the docket sheet indicates the trial court took any action regarding this filing.

¶ 9     On August 19, 2024, defendant filed a *pro se* motion to dismiss case No. 22-CF-287, citing a speedy-trial violation. See 725 ILCS 5/103-5 (West 2022). Also on this day, defendant separately filed a demand for a speedy trial and/or to quash the warrant in case No. 22-CF-287. The motion and proof of service indicate that defendant was being held in the Illinois Department of Corrections (IDOC). On August 22, 2024, the trial court set both cases (case Nos. 22-CF-287 and 22-CF-288) for a status hearing on September 19, 2024. The written order is a form titled "Order for Continuance." A grid and checkboxes at the top recorded that the state's attorney was "JH"

and that defendant was not present. A box was checked to indicate that the "continuance" was on the motion of defendant. The order further states: "[Defendant] is in custody of Vienna Correctional Center. [Defendant] filed demand for speedy trial and/or quash warrant. State to issue Zoom writ to get [defendant] back into court to address defendant's motion." However, the docket sheet states, "Order for Continuance, *filed asa hodder*; judge buick[,] STATUS HEARING Sep 19, 2024 09:00 AM Rm94." (Emphasis added.) Nothing was transcribed on this date.

¶ 10    On August 26, 2024, defendant filed another request for a speedy trial. On September 19, 2024, a hearing was held on Zoom and the order from that date indicates that defendant was present and in IDOC. The trial court appointed the public defender to represent defendant on both pending cases. Defendant immediately moved, by counsel, to continue the case until October 28, 2024. On November 21, 2024, defendant filed a motion for immediate release, arguing, *inter alia*, that he had not been brought to trial within 90 days of the date on which he was detained. See *id.* § 110-6.1(i). In this motion, defendant alleged that he was currently being detained in case Nos. 22-CF-287 and 22-CF-288. He had been paroled in case No. 21-CF-126. Defendant noted that the detention order regarding case Nos. 22-CF-287 and 22-CF-288 was entered on January 29, 2024, and that he had not been brought to trial within 90 days.

¶ 11    The trial court held a hearing on defendant's motion for immediate release on November 26, 2024. Pertinent to the issue raised in this appeal, defendant argued that he was detained in June 2022, and, at some point thereafter, he made a speedy-trial demand. He also indicated that he did not agree to any continuances. Defendant pointed out that he was convicted in case No. 21-CF-126 in February 2024 and sentenced in that case on June 18, 2024. According to defendant, he thereafter sought a trial on the pending cases and first moved for a continuance on September 19, 2024. More than 90 days elapsed between June 18, 2024, and September 19, 2024. During

argument, defense counsel acknowledged, correctly, that the trial court's order of August 22, 2024, states that the case was being continued on the motion of defendant. Defense counsel represented that this was not accurate, as defendant was demanding a speedy trial at the time (neither the State nor the trial court controverted this assertion, and the trial court did not mention it while ruling on defendant's motion). Indeed, defendant filed a document titled "Demand For Speedy Trial And/Or Quash Warrant" on August 19, 2024. Further, as noted above, the trial court's docket entry for that date states, "Order for Continuance, filed asa hodder." The State countered that defendant had not demanded trial, so "any time should be attributed to the defendant on that." Defendant replied that he was demanding a trial "at all times." Moreover, defendant now points out that, under section 110-6.1(i) of the Code (*id.*), the fact that the 90 days had passed is sufficient to prevail, even without a demand for trial as contemplated by the speedy-trial statute (see *id.* § 103-5).

¶ 12    The trial court issued its ruling on defendant's motion on December 10, 2024. It noted that defendant never demanded a trial date be set in either case No. 22-CF-287 or case No. 22-CF-288. The trial court stated, "[T]he Court notes after its review of the record the defendant has never demanded a trial date be set in either of these cases." The trial court also noted that the document asserting defendant's speedy-trial demand lists only case No. 22-CF-287 in the caption. The trial court then observed that, since counsel was appointed for defendant on September 19, 2024, no demand for trial had been filed and, at the last court date, defendant stated he did not want the case set for trial. Therefore, the trial court denied defendant's motion for immediate release.

¶ 13    On December 29, 2024, defendant filed a motion for relief from the trial court's ruling denying his release motion. In support, he argued that he made a demand for trial on all pending matters on December 13, 2023. The State elected to proceed on case No. 21-CF-126, and the other two cases remained pending. Defendant never withdrew his demand. Defendant was sentenced in

case No. 21-CF-126 on June 18, 2024, and did not request a continuance until September 19, 2024, a period of 93 days. Accordingly, defendant concluded, he was entitled to immediate release under section 110-6.1(i) of the Code (*id.* § 110-6.1(i)). The State said that it agreed that defendant had to be tried within 90 days of being detained but pointed out that delays attributed to defendant did not count toward the 90-day period. The parties agreed that time spent trying case No. 21-CF-126 did not count toward this period. The State then asserted that defendant did not demand trial after the sentencing hearing. The State argued that time spent in IDOC was attributable to defendant. The State asserted that defendant "never got into court, never orally demanded [a trial]," and "never gave a written demand." The trial court denied the motion for relief, stating without further explanation that it was reaffirming its previous ruling. This appeal followed.

¶ 14                                     III. ANALYSIS

¶ 15     The sole issue raised by defendant on appeal is whether the trial court erred in denying his motion for immediate release, because he had not been brought to trial within 90 days since he was ordered detained. As the facts of this case are undisputed and its resolution requires us to consider the application of section 110-6.1(i) of the Code (*id.*) to those facts, review is *de novo*. See *People v. Eubanks*, 2019 IL 123525, ¶ 33 ("Thus, we need only consider the trial court's application of the law to undisputed facts. Accordingly, *de novo* review is appropriate.").

¶ 16     Our analysis begins with the relevant statutory provision. Section 110-6.1(i) provides, in pertinent part, as follows:

> "If the court enters an order for the detention of the defendant pursuant to subsection (e) of
>
> this Section, the defendant shall be brought to trial on the offense for which he is detained
>
> within 90 days after the date on which the order for detention was entered. If the defendant
>
> is not brought to trial within the 90-day period required by the preceding sentence, he shall

not be denied pretrial release. In computing the 90-day period, the court shall omit any period of delay resulting from a continuance granted at the request of the defendant and any period of delay resulting from a continuance granted at the request of the State with good cause shown pursuant to Section 103-5." 725 ILCS 5/110-6.1(i) (West 2022).

Generally, where the language of a statute is clear and unambiguous, a court must apply it as written. *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 24. Here, the statute plainly states that a defendant who has been detained pursuant to section 110-6.1(i) of the Code must be brought to trial or released within 90 days. The only exceptions occur if the trial court grants a motion for a continuance made by the defendant or one made by the State upon a showing of good cause, as contemplated by section 103-5 of the Code (725 ILCS 5/103-5 (West 2022)), which sets forth our speedy-trial provisions.

¶ 17    Moreover, the parties seem to have assumed, and we agree, that section 110-6.1(i) expresses a mandatory provision. Generally, it is presumed that "a procedural command to a government official indicates an intent that the statute is directory." *People v. Green*, 2024 IL App (1st) 240211, ¶ 18. In *In re M.I.*, 2013 IL 113776, ¶ 17 (citing *People v. Delvillar*, 235 Ill. 2d 507, 517 (2009)), our supreme court explained,

> "This presumption is overcome, and the provision will be read as mandatory, under either of two conditions: (1) when there is negative language prohibiting further action in the case of noncompliance or (2) when the right the provision is designed to protect would generally be injured under a directory reading."

Conversely, "[i]n the absence of such intent[,] the statute is directory and no particular consequence flows from noncompliance." *Delvillar*, 235 Ill. 2d at 515. Clearly, section 110-6.1(i), which prohibits a defendant from being further detained if not tried within 90 days, contains the

sort of negative language described in the first prong of this test: "If the defendant is not brought to trial within the 90-day period required by the preceding sentence, he shall not be denied pretrial release." 725 ILCS 5/110-6.1(i) (West 2022). Thus, in accordance with the first prong of the test set forth in *In re M.I.* for determining whether a statutory provision is mandatory or directory, section 110-6.1(i) is mandatory. Furthermore, we note that the two prongs of this test are linked by the word "or," indicating that each prong stands alone. See *People v. Frieberg*, 147 Ill. 2d 326, 349 (1992) ("As used in its ordinary sense, the word 'or' marks an alternative indicating the various members of the sentence which it connects are to be taken separately."). Thus, the first prong is dispositive here, and we need not consider the second prong. See *People v. Grant*, 2022 IL 126824, ¶¶ 30-34 (noting statute was mandatory based on its imposition of a consequence without addressing whether the purpose of the statute would be impaired by a directory reading).

¶ 18    Defendant contends that more than 90 days elapsed from when he was detained and when he made his first motion for a continuance on September 19, 2024. Defendant does not rely on the period during which he was being tried and sentenced in case No. 21-CF-126 in computing the 90-day period. Rather, he asserts that 93 days elapsed from June 18, 2024—the date he was sentenced in case No.2 1-CF-126—to September 19, 2024 (defendant asserts that he made a demand for trial on all pending matters on December 13, 2023). Thus, unless some portion of that 93-day period can be excused by one of the exceptions listed in section 110-6.1(i), defendant has demonstrated an entitlement to release.

¶ 19    As we noted, the record contains a form order for continuance, entered on August 22, 2024, continuing the case to September 19, 2024. If this was a continuance made on defendant's motion or on the State's motion with good cause shown as contemplated by the speedy-trial statute, the period covered by this continuance would not count against the 90 days the State had to bring

defendant to trial. The order itself indicates, by checkbox, that the "continuance" was made on defendant's motion. During a hearing on November 26, 2024, defense counsel asserted that this was not accurate, a proposition with which the State did not disagree (we also note that the trial court never addressed this assertion by defense counsel). The record contains no written motion to continue the case filed by defendant on August 22, 2024, and nothing was transcribed on this date. Moreover, the docket sheet states, "Order for Continuance, *filed asa hodder*; judge buick[,] STATUS HEARING Sep 19, 2024 09:00 AM Rm94." (Emphasis added.)

¶ 20     Hence, for defendant to prevail, the written order for continuance would have to be incorrect in stating that the continuance was granted on defendant's motion. If defendant made such a motion, the period after August 22, 2024, would be excluded from the 93-day period defendant relies on to make his argument, which would leave only 65 days during which defendant was not brought to trial. On the other hand, if this continuance was properly attributed to the State, as the docket sheet seems to indicate, defendant would be entitled to release, as nothing in the record indicates that the State made a showing of good cause as required by section 110-6.1(i). Typically, the written order would control over the docket entry. See *Curtis v. Lofy*, 394 Ill. App. 3d 170, 173 (2009); *First Resolution Investment Corp. v. Hogan*, 2024 IL App (3d) 230460-U, ¶ 15 (citing *First National Bank of Sullivan v. Bernius*, 127 Ill. App. 3d 193, 196 (1984)). Nevertheless, "It has been held that although the common law record imports verity and is presumed to be correct, where other facts appearing in the report of proceedings are contradictory, the court must consider the matter upon the record as a whole." *People v. Feather*, 42 Ill. App. 3d 974, 977 (1976). Given the contradictory docket entry and defense counsel's uncontradicted assertion that the continuance was erroneously attributed to defendant, the record provides a basis to question the accuracy of the August 22, 2024, order. The resolution of this conflict is dispositive

of this issue.

¶ 21 Illinois Supreme Court Rule 329 (eff. July 1, 2017) sets forth a procedure for correcting such errors in the record. Relevant here, it states, "Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth." *Id.* Accordingly, in *People v. Allen*, 109 Ill. 2d 177, 185 (1985), the supreme court explained, "A hearing pursuant to Rule 329 being the proper way to correct a mistake in the record, we remanded the cause to the trial court."

¶ 22 Similarly, in *People v. Partee*, 153 Ill. App. 3d 841, 841 (1987), the defendant was convicted and sentenced *in absentia*. He argued that the record did not show that he had been advised that he could be tried and sentenced in his absence, as required by section 113-4(e) of the Code (Ill. Rev. Stat. 1985, ch. 38, ¶ 113-4(e)). *Partee*, 153 Ill. App. 3d at 841-42. The docket sheet in that case contained a statement indicating that the defendant had been " 'advised of consequences of non-appearance when required by [the court].' " *Id.* at 845. However, the report of proceedings simply contained the following statement by defense counsel, " 'We waive a reading of the information as well as advising my client of his rights and the possible penalties.' " *Id.* at 844. The State argued that the defendant's failure to object to counsel's statement constituted a valid waiver of his right to be present. *Id.*

¶ 23 This court disagreed, explaining, "[T]here is no indication in the record the defendant knew anything about the 'rights' to which his attorney was referring." *Id.* at 845. The State then asserted that there were two off-the-record discussions during the hearing at which defense counsel's statement waiving the defendant's rights was made and that it was possible that the defendant was admonished during one of them, which would have been indicated by the docket entry. *Id.* The defendant countered, "[I]n the absence of a verbatim transcript, a 'rubber-stamp' recitation from

the common law docket entry is inadequate to satisfy the State's burden of showing that he was advised of his rights." *Id.* The defendant added that this court " 'should not brook such speculation on this critical point.' " *Id.* at 845-46. We agreed with the defendant's latter assertion and "*sua sponte* conclude[d] that the cause must be remanded for an evidentiary hearing as provided by Supreme Court Rule 329." *Id.* at 846. We note that, despite reciting a number of considerations appearing in the record relevant to whether the defendant was properly admonished, we ultimately held that Rule 329 required a remand to allow the trial court to address the conflict in the record. *Id.* at 847. Hence, a remand is necessary in this case to resolve the ambiguity in the record.

¶ 24  Before closing, we note that the State argues that time defendant spent in custody by virtue of his conviction in case No. 21-CF-126 should not count against the 90 days it had to bring him to trial. The State's argument faces a significant hurdle—the plain language of section 110-6.1(i) itself. Quite simply, the statute sets forth two exceptions pursuant to which time is not counted against the 90-day period: when a defendant moves for a continuance and when the State moves for a continuance with good cause. 725 ILCS 5/110-6.1(i) (West 2022). Section 110-6.1(i) is silent as to how time spent while concurrently in custody on another offense should be treated. As such, the statute provides no basis for excluding such time as the State advocates. "Absent express language in the statute providing an exception, we will not depart from the plain language and read into the statute exceptions, limitations, or conditions that the legislature did not express." *People v. Shinaul*, 2017 IL 120162, ¶ 17.

¶ 25  Seeking to evade the plain language of the statute, the State asserts that, once defendant was convicted in case No. 21-CF-126, time he spent in custody was attributable to that offense. Without citation of authority, it continues, "That time is not attributable to the other offenses, even if a pretrial detention order is in effect." We note that section 110-6.1(i) does not speak in terms

of attributing time spent in custody to various offenses. The State then concludes, "As a result, the primary concern that section 110-6.1(i) addresses—that individuals should not be held in custody longer than 90 days before they are tried and convicted—is no longer relevant because the person has been convicted and is serving a sentence of imprisonment for that offense." However, we could disregard the plain language of the statute, as the State asks, and read into it an unexpressed condition only if a literal interpretation of the statute produced an absurd result. See *In re T.J.D.*, 2017 IL App (5th) 170133, ¶ 23 ("Moreover, the rules of statutory construction dictate that we not look beyond the plain language of the Act unless a literal interpretation would produce an absurd result."). We see nothing absurd about requiring the State to proceed to trial while a defendant is incarcerated on another offense. Indeed, by requiring the State to move forward while a defendant is in custody, the statute ameliorates the risk that the defendant will be unnecessarily detained once the earlier sentence has been served when such matters could have been addressed while the defendant was otherwise detained. In short, the State has not convinced us that we should ignore the plain language of section 110-6.1(i). We therefore reject its argument on this point.

¶ 26    Finally, we find additional guidance regarding how to proceed in *People v. Thornton*, 61 Ill. App. 3d 530 (1978). In that case, a dispute arose between the parties as to the veracity of the record regarding whether the defendant validly waived his right to a jury trial. *Id.* at 537. The reviewing court held that Rule 329 "clearly contemplates a hearing before the trial court where there is a dispute between the parties concerning the accuracy of the record or a proposed amendment thereto." *Id.* The court then noted, "A proper settlement of this controversy in the trial court, as required by Supreme Court Rule 329, will effectively dispose of the sole remaining issue in this appeal." *Id.* at 538. Accordingly, it remanded the case to the trial court with the following instructions:

> "If following the hearing the trial court finds that [the] defendant waived his right to a jury in open court prior to the bench trial or that such was done by defense counsel in the presence of [the] defendant, then the State's motion to amend is to be granted and the judgment entered by the circuit court of St. Clair County is affirmed. If, on the other hand, the court finds that the record as it presently exists conforms to the truth and a jury waiver as alleged by the State was not made, then the State's motion to amend is to be denied and the judgment entered is reversed and the cause remanded for a new trial." *Id.*

The *Thornton* court directed the trial court to resolve the case contingent upon its resolution of the dispute regarding the content of the record. A similar procedure here would best effectuate an efficient resolution of the issue before this court.

¶ 27                                                    IV. CONCLUSION

¶ 28    In light of the foregoing, we vacate the order of the circuit court of De Kalb County denying defendant's motion for release from pretrial detention, and we remand this cause to allow the trial court to hold a hearing regarding who caused the continuance ordered on August 22, 2024. On remand, should the trial court determine that the August 22, 2024, continuance was erroneously attributed to defendant, then the trial court shall set conditions and release defendant. If, conversely, the trial court finds that this motion was properly attributed to defendant, it should again enter an order denying defendant's motion for release.

¶ 29    Vacated and remanded with directions.

*People v. Jones*, **2025 IL App (2d) 250003**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, No. 22-CF-287; the Hon. Marcy L. Buick, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |