2024 IL App (2d) 240128-U
No. 2-24-0128
Order filed April 17, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.   24-CF-67 |
| DALE H. TWEED, | ) ) | Honorable Philip G. Montgomery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Justice Birkett concurred in the judgment.
Presiding Justice McLaren specially concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny pretrial release and ordering defendant detained.

¶ 2                          I. INTRODUCTION

¶ 3    Defendant, Dale H. Tweed, appeals an order of the circuit court of De Kalb County granting the State's petition to deny him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). For the reasons that follow, we affirm.

¶ 4                                    II. BACKGROUND

¶ 5     Defendant was charged with the following offenses in cause no. 2024-CF-67: two counts unlawful possession of a firearm by a felon (720 ILCS 5/24-1.1(a) (West 2022)); two counts unlawful possession of firearm ammunition by a felon (720 ILCS 5/24-1.1(a) (West 2022)); and two counts possession of a firearm without requisite firearm owner's identification (FOID) card (430 ILCS 65/2(a)(2) (West 2022)). Defendant does not contest the existence of a qualifying offense for detention, nor did he assert that the proofs of the crimes were not evident or the presumption great.

¶ 6     Defendant, using the standardized notice of appeal form for detention decisions,  checked boxes indicating three general points of appeal: (1) the State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (2) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight; and (3) the court erred when it determined that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Using the lines provided below the checkboxes, defendant elaborated on his claims of error. Defendant did not file a memorandum on appeal.

¶ 7                                    III. ANALYSIS

¶ 8     A word about forfeiture is in order. The Notice of Appeal (NOA) in this case elaborated extensively—relative to other appeals under Rule 604(h)—on its claims of error. Although this

elaboration falls far short of what we would ordinarily expect from an appellant, we hold that the supreme court rules applicable to this case[1] require less concerning detention appeals. As the court said in *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10, "the Act ushered in a new reality." Supreme Court Rule 604(h), as initially amended by article 110 of the Code, "provide[d] a new procedure for these appeals," (*Inman*, 2023 IL App (4th) 230864, ¶ 11) and "a demonstrably different process." *Inman*, 2023 IL App (4th) 230864, ¶ 13. A standardized form NOA was approved by our supreme court and contained check boxes from which the appellant could choose issues to contest and lines below the issues accommodated. *Id.* The previous Rule 604(h) required the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested.*"[2] Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023) (Emphasis added). A memorandum on appeal was allowed but not required. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023).

---

[1] These rules have been amended again, effective April 15, 2024. See M.R. 3140, amending Illinois Supreme Court Rules 361, 604, 605, 606, and 613. Hopefully, under the newly amended rules, this issue will be less troublesome. The newly amended rules offer more information about what is expected from the appellant on appeal.

[2] The amendment taking effect April 15, 2024, deletes this language, and requires a motion for relief filed in the trial court "[a]s a prerequisite to appeal," (Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024)), and which will serve "as the argument on appeal." (Ill. S. Ct. R. 604(h)(7) (eff. April 15, 2024)). Like the initially amended rule, the newly amended rule allows but does not require a memorandum on appeal, but it adds: "appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore [***] and citations of the record and any relevant authorities." *Id.*

¶ 9    We acknowledge that an appellate court should not be expected to formulate an argument out of whole cloth for an appellant. See *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 6. But in this case, defendant explained the grounds for the relief requested in the NOA, along with scant citation to legal authority and reference to the record albeit without citation to the record (understandably, given that the record had not been prepared at the time the NOA was filed). The record is brief and the issues are narrow, and these omissions do not impede our review or require us to act as advocates. See *Inman*, 2023 IL App (4th) 230864, ¶¶ 14-17.

¶ 10    Turning to the merits, we apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat, and whether any conditions would mitigate that threat. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier,* 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 5.

¶ 11    The Code instructs that, in determining whether a specific threat could be mitigated through the imposition of conditions of pretrial release, the trial court is to consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal

justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

¶ 12    The question of whether there were other measures besides incarceration that could have mitigated the risk posed by the defendant's release depends in part on the nature of that risk, so we begin by analyzing that risk based on the evidence submitted by the State. *People v. Jones*, 2024 IL App (2d) 230534-U, ¶ 20. The trial court found that the police executed a search warrant at defendant's residence and found defendant sitting or lying on the couch with a loaded 9mm handgun within arm's reach. The background picture of defendant's cell phone enshrined a photo of defendant holding an identical weapon. Multiple witnesses indicated the defendant was the owner of the gun. A second firearm was recovered from the residence and a witness said that was defendant's gun as well. The trial court found that defendant had three felony convictions, resulting in three prison terms before his twenty-second birthday. The court described the charged offenses as offenses involving weapons with two loaded handguns that placed society as a whole at risk. The court also noted that defendant has a history of alcohol abuse as evidenced by his aggravated DUI conviction. Further, defendant had a 6 of a possible 14 on the Revised Virginia Pretrial Risk Assessment. This means that defendant was "in the middle risk to reoffend category," according to the trial court. The Pretrial Release Report to the court stated that defendant is unemployed; he

is not enrolled in school; he has no income; he currently uses THC; he has at least two failure to appear warrants or bond forfeitures; and in addition to the felonies, he has a conviction for obstructing justice. Considering these facts, the trial court concluded that defendant's criminal history, including three prior prison sentences, and his possession and access to loaded weapons made him a threat to the community, and that no conditions could mitigate the risk posed by defendant's release.

¶ 13    The record does not make clear exactly when the defendant was released from prison for his latest felony conviction, but because he was sentenced for that on October 27, 2022, by no reasonable standard was it a long time. And yet, this defendant, who has a history of substance abuse as evidenced by his felony DUI conviction, has been accused of a weapons offense allegedly committed on February 2, 2024. Given this evidence, we hold that the state met its burden on dangerousness and on conditions. See *People v. Bueno*, 2024 IL App (2d) 240053, ¶17 (not unreasonable for trial court to conclude defendant was unlikely to obey any conditions short of detention where defendant on MSR at time of new offense), *citing People v. Lee*, 2024 IL App (1st) 232137, ¶ 33 (detention affirmed where defendant on parole from a gun case failed to comply with the conditions placed upon him, "demonstrated history of refusing to abide by conditions of release") and *People v. Davis*, 2023 IL App (1st) 231856, ¶¶ 31-32 (the defendant's history, including a prior conviction of escape, demonstrated an unwillingness to follow rules or the court orders, and release with conditions would be futile). This trial court made an individualized determination based upon its weighing the relevant factors. And we cannot find that the trial court's conclusion that detention was necessary to mitigate the risk posed by defendant's release was against the manifest weight of the evidence, nor was the decision to detain an abuse of discretion.

¶ 14                                                    IV. CONCLUSION

¶ 15    In light of the foregoing, we affirm the order of the circuit court of De Kalb County.

¶ 16    Affirmed.

¶ 17    PRESIDING JUSTICE McLAREN, specially concurring:

¶ 18    I believe the case of *People v. Mancilla*, 2024 IL App (2d) 230505, is insightful. *Mancilla* determined that Rule 3.1 of the Rules of Professional Conduct applied to counsel:

> " 'A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.' Ill. R. Prof'l Conduct (2010) R. 3.1 (eff. Jan. 1, 2010).
>
> Since appeals under the Code are criminal in nature, we cannot consider whether frivolousness or sanctions apply under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994), a rule applicable in civil appeals. However, as part of defense counsel's ethical obligations under Rule 3.1, it is incumbent upon counsel to inform this court as to whether the defendant's claims are meritorious and, if not, to withdraw any frivolous claims or even the entire appeal under the Code. Ill. R. Prof'l Conduct (2010) R. 3.1 (eff. Jan. 1, 2010)." *Mancilla*, 2024 IL App (2d) 230505, ¶ 31.

¶ 19    I submit counsel should have filed a memorandum or moved to withdraw.

¶ 20    The amended rules are now in effect and it remains to be seen if the defendant will receive adequate representation. My concern is that the burden should not be placed on the court to fulfill the duties of counsel and to make the argument for defendant. We become the defendant's advocate

if we look through the record for reasons other than affirmance. I specially concur because I believe there is sufficient evidence of record, as related by the majority disposition, that allows me to be confident to declare a forfeiture for failing to cite to the record and placing the burden of advocacy on this court.