2025 IL App (2d) 250198
No. 2-25-0198
Opinion filed August 13, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-2169 |
| JEROME K. BROWNLEE, | ) ) ) | Honorable Bianca Camargo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Jorgensen and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Jerome K. Brownlee, appeals from an order of the circuit court of Kane County

denying his motion for release from pretrial detention because he was not brought to trial within

90 days, as required under section 110-6.1(i) of the Code of Criminal Procedure of 1963 (Code)

(725 ILCS 5/110-6.1(i) (West 2022)). We reverse.

¶ 2                               I. BACKGROUND

¶ 3     On October 3, 2024, the State charged defendant with five offenses, including two counts

of domestic battery (720 ILCS 5/12-3.2(a)(1)-(2) (West 2022)) (both Class 4 felonies). At the time,

defendant was on pretrial release in two misdemeanor domestic battery cases (Nos. 23-DV-60 and

23-DV-861).

¶ 4      On November 20, 2024, the State filed a verified petition to deny defendant pretrial release on the October 2024 charges. See 725 ILCS 5/110-6.1 (West 2022). At a hearing on the same day, the State entered into evidence: (1) the police synopsis from the West Dundee Police Department; (2) the police synopsis from the Carpentersville Police Department in case No. 23-DV-60; (3) the police synopsis from the Carpentersville Police Department in case No. 23-DV-861; (4) defendant's criminal history; and (5) noncompliance reports filed in the two misdemeanor domestic battery cases. Defendant's criminal history showed that he had prior convictions for aggravated domestic battery and domestic battery, and previous convictions for unlawful possession of a controlled substance and robbery. The noncompliance reports were for not reporting to court services and for the probable cause warrant in the present case.

¶ 5      According to the police synopsis in the present case, the victim, B.R., called the police from a hotel on the morning of October 2, 2024, stating that defendant, who was her boyfriend, had hit her. The police observed three raised welts on the victim's forehead and an injury to one of her fingers. The police synopsis in case No. 23-DV-60 indicated that, on January 22, 2023, defendant showed up unexpectedly at the victim's house and hit her on the arms, pulled her hair, pulled a television off her dresser, and punched her in the face. Defendant was charged with two counts of domestic battery and criminal damage to property. The police synopsis in case No. 23-DV-861 indicated that, on the morning of October 23, 2023, the victim called police and stated that defendant confronted her outside her house. They began arguing, and he punched her on both sides of her face and the left side of her neck. Defendant was charged with two counts of domestic battery.

¶ 6      Following argument, the trial court granted the State's petition to detain defendant. The trial court found that, based on the police synopsis, the proof was evident and the presumption

great that defendant committed the charged offenses, that he posed a real and present threat to the victim, and based on his criminal history and inability to follow court orders, that no conditions could mitigate that threat.

¶ 7 At the same hearing, statements of the parties indicated that the State had also filed verified petitions to revoke defendant's pretrial release in the two misdemeanor domestic battery cases. In arguing those motions, the parties relied on the same evidence and argument presented on the petition to deny pretrial release on the October 2024 charges. Following argument, the trial court revoked defendant's pretrial release in the two misdemeanor cases (Nos. 23-DV-60 and 23-DV-861). The trial court acknowledged that the question on a revocation of pretrial release was different in that the State no longer had to show dangerousness but had to show that no conditions of release would prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. The trial court noted that, in one of the misdemeanor cases, defendant was ordered not to have any abusive contact with the victim but then was later charged with the October 2024 offenses. The trial court concluded that there were no conditions of release that could ensure that defendant would not commit a subsequent felony or Class A misdemeanor.

¶ 8 On December 2, 2024, defendant filed a motion for relief in the trial court as to his pretrial detention for the October 2024 charges. Following a December 4 hearing, the trial court denied defendant's motion. Defense counsel then indicated she planned to file motions for relief as to the revocation of pretrial release in the two misdemeanor cases. However, those motions and any ruling thereon are not part of the record on appeal in this case.

¶ 9 At a hearing on January 22, 2025, the State elected to proceed on case No. 23-DV-861. On April 17, 2025, the day that case was set for trial, the State nol-prossed the case because it had been unable to serve the victim and would thus be unable to meet its burden of proof. Defendant

demanded trial on the two remaining cases. The State argued that it still had 90 days to start trial on the remaining cases and stated that it wanted to set the present case, No. 24-CF-2169, for trial. After the trial court granted that request, defendant moved to be released, arguing that, under section 110-6.1(i) of the Code (*id.* § 110-6.1(i)), he had to be tried within 90 days of his initial detention or released. The trial court denied defendant's motion for pretrial release.

¶ 10　　On May 7, 2025, defendant filed a motion for relief, arguing that the trial court erred in not finding that he was entitled to be released. At a hearing on the motion, defense counsel argued that defendant was entitled to be released because more than 90 days had passed since he had been detained. The State argued that it had a new 90-day period to bring defendant to trial, starting from the date the first case it elected (No. 23-DV-861) was dismissed. Following argument, the trial court denied defendant's motion for relief. This timely appeal followed.

¶ 11　　　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　At the outset, we note that on July 2, 2025, while this appeal was pending, defendant was released from custody. On July 11, 2025, defendant filed an unopposed motion to address this appeal under the public interest exception to the mootness doctrine. Mootness is a question of jurisdiction. *Patel v. Illinois State Medical Society*, 298 Ill. App. 3d 356, 364 n.5 (1998). "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004). "An appeal is moot when it involves no actual controversy or the reviewing court cannot grant the complaining party effectual relief." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001).

¶ 13　　However, there are three recognized exceptions to the mootness doctrine: (1) the public-interest exception, (2) the collateral-consequences exception, and (3) the capable-of-repetition

exception. *In re Alfred H.H.*, 233 Ill. 2d 345, 355-63 (2009). The public-interest exception, which is applicable here, allows for appellate review of an otherwise moot issue when the magnitude of the interests involved warrants action. *In re Shelby R.*, 2013 IL 114994, ¶ 16. This exception applies when (1) the question presented is of public nature, (2) there is a need for an authoritative determination for the future guidance of public officers, and (3) the question is likely to recur. *Alfred H.H.*, 233 Ill. 2d at 355. The exception is narrowly construed and requires a clear showing of each criterion. *Id.* at 355-56.

¶ 14    In the present case, a review of the factors demonstrates that the public-interest exception to the mootness doctrine applies. This is clearly a matter of public nature. All individuals charged with a detainable offense are subject to the provisions of the Code, and a significant number of defendants could be involved in more than one case. Accordingly, the circumstances here are likely to recur and the parties below demonstrated confusion about how the provisions of the Code apply in the present circumstances. For this reason, authoritative guidance from us is needed. See *People v. Morgan*, 2025 IL 130626, ¶ 17 (applying the public interest exception to a legal question raised under the Code). Accordingly, we will address the merits of this appeal.

¶ 15    On appeal, defendant argues that the trial court erred in denying his motion to be released because he had not been tried within 90 days of the offense for which he had been detained as required by section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2022)). Section 110-6.1(i) provides, in relevant part, as follows:

"If the court enters an order for the detention of the defendant pursuant to subsection (e) of this Section, the defendant shall be brought to trial on the offense for which he is detained within 90 days after the date on which the order for detention was entered. If the defendant is not brought to trial within the 90-day period required by the preceding sentence, he shall

not be denied pretrial release. In computing the 90-day period, the court shall omit any period of delay resulting from a continuance granted at the request of the defendant and any period of delay resulting from a continuance granted at the request of the State with good cause shown pursuant to Section 103-5 [of the Speedy Trial Act]." *Id.*

¶ 16     The State asserts that, because section 110-6.1(i) of the Code refers to section 103-5 of the Speedy Trial Act (*id.* § 103-5), it makes sense to incorporate section 103-5(e) into the Code. Section 103-5(e) of the Speedy Trial Act (*id.* § 103-5(e)) applies when a defendant is in simultaneous custody on multiple offenses. In the absence of any allowable delays that are enumerated in the statute, the State must try the defendant on one of the charges within 120 days. *Id.* § 103-5(a). The State must then resolve all other pending charges within 160 days of the date judgment is entered on the first case. *Id.* § 103-5(e). The State argues that, similarly, section 110-6.1(i) should be interpreted such that the State has 90 days to try a defendant on one charge and, following a resolution on that charge such as a dismissal or a conviction, the State has an additional 90 days to bring a defendant to trial on any of the remaining charges.

¶ 17     As is clear from the arguments of the parties, our resolution of this appeal presents a matter of statutory interpretation. An issue of statutory construction is a question of law that is reviewed *de novo*. *People v. Clark*, 2024 IL 130364, ¶ 15. In construing a statute, our task is to "ascertain and give effect to the intent of the legislature." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 41. The best indicator of the legislature's intent is the plain language of the statute. *Id.* "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction." *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003). We cannot depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that the legislature did not intend. *In re Michael D.*, 2015 IL 119178, ¶ 9. Nor may we, under the guise of divining "what the

legislature really meant" by adopting certain statutory language, ignore the plain meaning of the words chosen by the legislature. See *id.* (statutory language must be afforded its plain and ordinary meaning, and where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction).

¶ 18    Turning to the merits, we find the reasoning in *People v. Jones*, 2025 IL App (2d) 250003, instructive. In *Jones*, the defendant had three cases pending simultaneously. *Id.* ¶ 4. In January 2024, the defendant was denied pretrial release in all three cases. *Id.* ¶ 5. In February 2024, the defendant was convicted in one of the cases and sentenced in June 2024. *Id.* ¶ 6. Over the next 2½ months, the defendant moved for continued proceedings in the two still pending cases. *Id.* ¶¶ 7, 9. In November 2024, the defendant moved for immediate release because he had been paroled on the case for which he was convicted and, with respect to the two remaining cases, more than 90 days had passed since he was detained. *Id.* ¶ 10. The trial court denied the defendant's motion for immediate release and his subsequent motion for relief. *Id.* ¶¶ 12-13.

¶ 19    On appeal, the defendant argued that the trial court erred in denying his motion for immediate release because he had not been tried on the pending cases within 90 days of his detention. *Id.* ¶ 18. Acknowledging that the issue was a question of statutory construction, we stated that section 110-6.1(i) "plainly states that a defendant who has been detained pursuant to section 110-6.1(i) of the Code must be brought to trial or released within 90 days." *Id.* ¶ 16. We also held that section 110-6.1(i) is a mandatory provision. *Id.* ¶ 17. In addressing the defendant's argument, we noted that there was a discrepancy in the record regarding which party was responsible for an August 2024 continuance and that the discrepancy would determine whether the 90-day period for the State to bring defendant to trial had expired. *Id.* ¶¶ 19-20. Thus, we remanded the matter to the trial court to clarify the conflict in the record, holding that, if the continuance was

attributable to the State, the trial court should set conditions and release the defendant. *Id.* ¶¶ 23, 28.

¶ 20 In so ruling, we also addressed the State's argument that the time the defendant spent in custody as a result of the case for which he was convicted should not count against the 90 days it had to bring him to trial. We rejected this argument, stating:

> "The State's argument faces a significant hurdle—the plain language of section 110-6.1(i) itself. Quite simply, the statute sets forth two exceptions pursuant to which time is not counted against the 90-day period: when a defendant moves for a continuance and when the State moves for a continuance with good cause. 725 ILCS 5/110-6.1(i) (West 2022). Section 110-6.1(i) is silent as to how time spent while concurrently in custody on another offense should be treated. As such, the statute provides no basis for excluding such time as the State advocates. 'Absent express language in the statute providing an exception, we will not depart from the plain language and read into the statute exceptions, limitations, or conditions that the legislature did not express.' *People v. Shinaul*, 2017 IL 120162, ¶ 17."
> *Id.* ¶ 24.

We further stated that "section 110-6.1(i) does not speak in terms of attributing time spent in custody to various offenses." *Id.* ¶ 25.

¶ 21 Here, the notice of appeal indicates that defendant is appealing from the denial of his motion for release in case No. 24-CF-2169 because he had not been brought to trial within 90 days of his detention. Defendant had been in custody since November 20, 2024. The parties do not dispute that defendant had not been brought to trial within 90 days of his detention, and the State does not argue that either of the two explicit statutory exceptions extended that 90-day period. Rather, the State argues only that we should read an additional exception into the Code—akin to

section 103-5(e) of the Speedy Trial Act—that would allow the State an additional 90 days to bring a defendant to trial when he is custody on multiple cases and the first elected case has been dismissed or resolved. We rejected a similar argument in *Jones* and declined to read an additional exception into the statute. *Id.* ¶ 24. We again decline to do so here. As we stated in *Jones*, the plain language of section 110-6.1(i) does not provide for an additional exception and does not authorize the attribution of time spent in custody to different offenses. *Id.* ¶¶ 24-25. Moreover, it is well settled that "[n]o rule of construction authorizes [a reviewing] court to declare that the legislature did not mean what the plain language of the statute imports, nor may we rewrite a statute to add provisions or limitations the legislature did not include." *People v. Smith*, 2016 IL 119659, ¶ 28. Accordingly, once the State dismissed case No. 23-DV-861, the 90-day period for defendant to be brought to trial in the present case, No. 24-CF-2169, did not restart. *Jones*, 2025 IL App (2d) 250003, ¶ 28.

¶ 22 In so ruling, we stress that we are not determining whether defendant was entitled to release in case No. 23-DV-60. First, the notice of appeal indicates that defendant is appealing only from case No. 24-CF-2169. Moreover, concerning case No 23-DV-60, the procedural posture is different from here. The present case involves an initial denial of pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). Thus, there was no question that the time for trial in section 110-6.1(i) applied to the present offenses for which defendant was detained. However, case No. 23-DV-60 involved a Class A misdemeanor for which defendant had been on pretrial release and the State filed a petition to revoke defendant's pretrial release. The trial court's ruling on the State's petition to revoke, which is included in this record because it happened to be a combined hearing with the present case, demonstrates that defendant's pretrial release was revoked under section 110-6 of the Code (*id.* § 110-6 (addressing revocation of pretrial release

when a defendant on pretrial release is charged with a subsequent felony or Class A misdemeanor)). Accordingly, because the revocation of release in case No. 23-DV-60 is not at issue in this appeal, and because it involves a different procedural posture, we do not determine the propriety of defendant's continued detention in that case. We hold only that, in case No. 24-CF-2169, the trial court erred in concluding that defendant was not entitled to pretrial release after the expiration of the 90-day detention period, as provided by the plain language of section 110-6.1(i) of the Code, and where no party contends that any circumstances extended that period.

¶ 23                                    III. CONCLUSION

¶ 24     For the reasons stated, we reverse the judgment of the circuit court of Kane County.

¶ 25     Reversed.

*People v. Brownlee*, **2025 IL App (2d) 250198**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 24-CF-2169; the Hon. Bianca Camargo, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and David Holland, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |